KEVIN CONNERY & another[1] *vs.* COMMISSIONER OF CORRECTION & another[2] (and a companion case[3]). April 6, 1993. *Administrative Law*, Agency's interpretation of statute. *Imprisonment*, Parole.

We granted the defendants' application for further appellate review to consider their claim that the Appeals Court erred because it did not give "substantial deference" to their interpretation of G. L. c. 127, § 129D (1990 ed.). See *Connery* v. *Commissioner of Correction*, 33 Mass. App. Ct. 253 (1992). At issue is "[w]hether good conduct deductions, earned pursuant to G. L. c. 127, § 129D, should be subtracted from the minimum term of a [S]tate prison sentence, or from that portion of the minimum

---

[1]Kevin Philbrook.

[2]The chairman of the Massachusetts Parole Board.

[3]Wayne Tolley & others *vs.* Chairman of the Massachusetts Parole Board.

sentence that G. L. c. 127, § 133 requires to be served prior to parole eligibility." The Superior Court judge dismissed Connery's case and reported the question in Tolley's case. The Appeals Court concluded that good time credits earned pursuant to G. L. c. 127, § 129D, are to be deducted from the parole eligibility date as calculated pursuant to G. L. c. 127, § 133 (1990 ed.). 33 Mass. App. Ct. 253 (1992). Connery argues that the judge incorrectly dismissed his complaint. Tolley asks that we answer the reported question consistent with the Appeals Court's ruling in Connery's case.

In their application, the defendants contend that "[t]he current interpretation of a statute by the agencies charged with its implementation is entitled to 'substantial deference.' *Goddard Memorial Hosp.* v. *Rate Setting Comm'n*, 403 Mass. 736, 744 (1989). See also *Commissioner of Revenue* v. *Exxon Corp.*, 407 Mass. 17, 22 (1990)." The defendants argue we should "only look to current interpretation, and not past erroneous applications." According to the defendants, this is especially true when the statute is amended during the period in question. The defendants conclude that the failure of the Appeals Court to follow this principle led the Appeals Court to an erroneous interpretation of G. L. c. 127, § 129D. We do not agree.

The defendants have not stated the principle as it should be stated. "Significance in interpretation may be given to a *consistent*, long continued administrative application of an ambiguous statute . . . especially if the interpretation is contemporaneous with the enactment" (citation omitted). *Cleary* v. *Cardullo's, Inc.*, 347 Mass. 337, 343 (1964). See *Commissioner of Revenue* v. *SCA Disposal Servs. of New England, Inc.*, 383 Mass. 734, 737-738 (1981); *Lowell Gas Co.* v. *Commissioner of Corps. & Taxation*, 377 Mass. 255, 262 (1979). The basis for affording the contemporaneous interpretation deference is that the interpretation was made close to the time the Legislature enacted the statute and may represent "understanding of the public regarding the enactment." *Wilcox* v. *Riverside Park Enters., Inc.*, 399 Mass. 533, 539 n.14 (1987). See 2B Singer, Sutherland Statutory Construction § 49.08, at 67 (5th ed. 1992) ("A contemporaneous interpretation is . . . given special consideration since it was made at a time when the circumstances leading up to the enactment of the statute were well known"). Because the interpretation now urged by the defendants was not contemporaneous with the enactment of the statute and is inconsistent with the contemporaneous (and long-standing) interpretation made by the agencies at the time of enactment, the Appeals Court correctly did not accord "substantial deference" to the defendants' current interpretation.

"The duty of statutory interpretation is for the courts." *Cleary* v. *Cardullo's, Inc.*, *supra* at 344. The Appeals Court set forth the history of the statute, compared the statute to similar statutes, and considered the statute's underlying policies. The Appeals Court determined that the current

interpretation of the statute by the defendants was incorrect as matter of law. We agree with the result, the analysis, and the reasoning of the Appeals Court.

For the reasons stated by the Appeals Court, the cases are remanded to the Superior Court. The judgment of dismissal in Connery's case is vacated, and a new judgment is to be entered declaring that the good time credits earned pursuant to G. L. c. 127, § 129D, are to be deducted from the parole eligibility date as calculated pursuant to G. L. c. 127, § 133. A judgment in Tolley's case should be entered and the question reported should be answered consistent with the declaration in Connery's case. The cases then are to be remanded to the Department of Correction and the parole board to recalculate the prisoners' parole eligibility dates.

*So ordered.*

*James R. Pingeon* for the plaintiffs.

*Pamela L. Hunt*, Assistant Attorney General, for the defendants.

The plaintiffs, pro se, submitted a brief.