Garsh, J.
Plaintiff Helen Giannopoulos (“Giannopoulos”) commenced this action for declaratory and injunctive relief to overturn the policy of the Massachusetts Parole Board (the “Board”) not to deduct a prisoner’s earned good time credits firom the parole eligibility date to the extent that the parole eligibility date would then be less than one year for each consecutive sentence being served. The parties have filed cross motions for summary judgment. For the reasons set forth below, the plaintiffs motion is allowed.
BACKGROUND
On December 27, 1990, Giannopoulos was sentenced to three consecutive three- to five-year state prison sentences for larceny over $250. Pursuant to G.L.c. 127, §133(b), the Board determined her minimum sentence to be nine years and her parole eligibility, not taking into account earned good time, to be three years, which is one third of each sentence, or December 26, 1993.
Giannopoulos acquired approximately two hundred days of earned good time credits. The Board refused to subtract that good time from the unadjusted parole eligibility date of December 26, 1993, taking the position that it was prohibited by G.L.c. 127, § 133(b) from granting a parole permit because Giannopoulos had not served one year on each of her three sentences. A preliminary injunction was granted following which Giannopoulos was given a parole release date of August 30, 1993. She is presently in the community under parole supervision.
*414 DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra
The parties agree that the sole issue is the proper method of calculating parole eligibility. Giannopoulos contends that the relevant statutory provisions require the subtraction of good time credits regardless of whether the difference amounts to less than one year for each consecutive sentence being served. The Board responds that, regardless of the number of good time credits earned, these same statutory provisions prohibit issuance of a parole permit to one who has not served at least one year on each consecutive sentence.
The issue for this court is not what is good public policy. Nor is it, as the Board argues, a question of the legislature’s entitlement to establish a minimum period which must be served prior to parole release and the public’s entitlement to rely on the minimum period so established. What the legislature has actually done — not what it might have done or might still do — is the issue.
G.L.c. 127, §129D provides that earned good time shall reduce “the minimum term of the sentence or sentences ... for parole eligibility as provided under section one hundred and thirty-three.” Section 133(b), in turn, provides that a prisoner shall not “receive a parole permit until he shall have served ... if he has two or more sentences to be served otherwise than concurrently, one-third of the aggregate of the minimum terms of such several sentences, but in any event not less than one year for each such sentence.” Section 133 goes on; however, further to provide that “[notwithstanding” that clause, “the minimum term of sentence for release on parole as authorized by this section” shall be reduced by good conduct deductions. The Board has no discretion not to make these deductions.
Giannopoulos is entitled to the deduction of her good time credits because the “notwithstanding” clause trumps the “but in no event” proviso. The clear, plain wording of the statute must be enforced. If the legislature had intended the “minimum term of sentence” not be allowed to fall below one year, it would not have required that the “minimum term” be reduced without inserting a “but in no event” limitation at the end of the “notwithstanding” clause. Connery v. Commissioner, 33 Mass.App. 253, 257-58 (1992), aff'd 414 Mass. 1009 (1993) (rescript).
ORDER
For the foregoing reasons, it hereby ORDERED that plaintiff Helen Giannopoulos’s motion for summaiy judgment is hereby ALLOWED. It is further DECLARED and ADJUDGED that good time credits earned pursuant to G.L.c. 127, §129D are to be subtracted from the minimum term of sentence for release on parole without regard to whether the prisoner has served at least one year for each sentence served other than concurrently.