### Commonwealth vs. Marc Brown.

No. 97-P-2112.

Suffolk. June 15, 1999. - August 23, 1999.

Present: Warner, C.J., Kaplan, & Brown, JJ.

Further appellate review granted, 430 Mass. 1115 (2000).

*Practice, Criminal,* Sentence. *Home Invasion. Statute,* Construction.

This court construed the penalty provisions of G. L. c. 265, § 18C, as inserted by St. 1993, c. 333, and as amended by St. 1998, c. 180, § 57, as setting a maximum punishment of imprisonment for life, with a length of sentence of not less than twenty years, but with the minimum punishment in the discretion of the judge, but not less than ten years in certain aggravated circumstances. [618-624]

Indictments found and returned in the Superior Court Department on September 19, 1996.

Following its decision in 46 Mass. App. Ct. 279 (1999), the Appeals Court granted the defendant's motion for rehearing.

The case was submitted on briefs.

*Edward B. Gaffney* for the defendant.

*Ralph C. Martin, II,* District Attorney, & *Mark T. Lee,* Assistant District Attorney, for the Commonwealth.

*Thomas F. Reilly,* Attorney General, & *Susanne G. Levsen,* Assistant Attorney General, for the Attorney General, amicus curiae.

*John P. Osler,* Committee for Public Counsel Services, for Committee for Public Counsel Services, amicus curiae.

Kaplan, J. Our previous opinion on this appeal, *Commonwealth* v. *Brown,* 46 Mass. App. Ct. 279 (1999), affirmed the defendant's convictions of several crimes, including his conviction and sentence on an indictment for home invasion, G. L. c. 265, § 18C (inserted by St. 1993, c. 333, effective December 27, 1993).

Section 18C in its first sentence states in part:

"[An offender] shall be punished by imprisonment in the state prison for life or for any term of not less than twenty years."

(The original text of § 18C is reproduced at note 1, *infra*; an amendment of 1998 is set out in our opinion below.)[1] The trial judge read the language above quoted to mean that twenty years was a mandatory minimum sentence that must be imposed, and, purporting to act under the Indeterminate Sentencing Act, G. L. c. 279, § 24,[2] she sentenced the defendant Brown upon his home invasion conviction to twenty years to twenty years and one day in State prison. This would make him eligible for parole only after the twenty years.[3] In affirming, we accepted this reading, following our 1997 case of *Commonwealth* v. *Dunn*, 43 Mass. App. Ct. 58, 62 (1997).

The defendant petitioned for rehearing on the question of the sentence. He has urged a different interpretation, that the statute requires the judge to sentence an offender to twenty years or longer, but leaves the judge free to set a lesser number of years

[1]General Laws c. 265, § 18C, as inserted by St. 1993, c. 333, provides: "Whoever knowingly enters the dwelling place of another knowing or having reason to know that one or more persons are present within or knowingly enters the dwelling place of another and remains in such dwelling place knowing or having reason to know that one or more persons are present within while armed with a dangerous weapon, uses force or threatens the imminent use of force upon any person within such dwelling place whether or not injury occurs, or intentionally causes any injury to any person within such dwelling place shall be punished by imprisonment in the state prison for life or for any term of not less than twenty years. The sentence imposed upon a person who, after having been convicted of violating any provision of this section, commits a second or subsequent offense under the provisions of this section shall not be suspended or placed on probation."

[2]Section 24, as appearing in St. 1993, c. 432, § 16, reads: "If a convict is sentenced to the state prison, except for life or as an habitual criminal, the court shall not fix the term of imprisonment, but shall fix a maximum and a minimum term for which he may be imprisoned. The maximum term shall not be longer than the longest term fixed by law for the punishment of the crime of which he has be[en] convicted, and the minimum term shall be a term set by the court, except that, where an alternative sentence to a house of correction is permitted for the offense, a minimum state prison term may not be less than one year."

[3]For offenses committed on or after July 1, 1994 (as was the offense in this case), the Truth in Sentencing Act provides generally that a prisoner sentenced to State prison is ineligible for parole until he has served the entire minimum term of his sentence. See G. L. c. 127, § 133, as appearing in St. 1993, c. 432, § 11, by § 21 effective July 1, 1994.

for eligibility for parole, consistently with the Indeterminate Sentencing Act, G. L. c. 279, § 24, quoted at note 2, *supra.* Under § 24, "[t]he maximum sentence is just that, the maximum amount of time that the prisoner will serve in prison if he . . . is not granted parole. . . . The minimum sentence serves as a base for determining his parole eligibility date." *Connery* v. *Commissioner of Correction,* 33 Mass. App. Ct. 253, 254 (1992), *S.C.,* 414 Mass. 1009 (1993). See *Commonwealth* v. *Brown,* 167 Mass. 144, 146 (1896) (Holmes, J.) ("a sentence [under the Indeterminate Sentencing Act] is in effect a sentence for the maximum fixed by the court"); *Commonwealth* v. *Haley,* 23 Mass. App. Ct. 10, 18 (1986) (purpose of setting minimum term under c. 279, § 24, is to establish base for determining parole eligibility). See also *Oliver* v. *Oliver,* 169 Mass. 592, 594 (1897); *Murphy* v. *Commonwealth,* 172 Mass. 264, 275 (1899); *Campbell* v. *Commonwealth,* 339 Mass. 695, 697 (1959).

Upon reconsideration, we allowed the petition and asked for the submission of additional briefs. We called attention to the possible bearing on the interpretive question of the 1998 amendment of § 18C (St. 1998, c. 180, § 57), which had become effective on October 21, 1998, after the filing of the appellate briefs.

1. Our court in the 1997 *Dunn* case took it for granted (without any contest by Dunn, so far as appears from the opinion) that the sentencing provision of c. 265, § 18C, quoted above, established, as the court said, a "mandatory minimum sentence of twenty years" (*id.* at 62). Dunn received a sentence of twenty-four to thirty years' imprisonment. The court went on to hold that sentences with a minimum of twenty years under § 18C were not so excessive or disproportionate as to entail cruel or unusual punishment in the constitutional sense. (A similar sentencing provision in a burglary statute, G. L. c. 266, § 14, had also been referred to, without any detailed consideration, as "a mandatory minimum sentence" in *Commonwealth* v. *Claudio,* 418 Mass. 103, 109 [1994].)

It becomes evident on closer study that the critical language of § 18C, "any term of not less than twenty years," while possibly open to the *Dunn* reading, is far more convincingly read as the defendant suggests.

(a) If the intention was to define a mandatory minimum term with the parole consequence mentioned, the language chosen

was surely not clear. In instances where such a result is wanted, the customary language is much more explicit — it matches or resembles, indeed, the very language of the 1998 amendment of § 18C which, as part of the Omnibus Gun Control Act of 1998 (St. 1998, c. 180), stiffens the treatment of home invasion committed with use of a firearm. For examples of such more explicit statutory wording, see G. L. c. 90, § 24G, as amended through St. 1986, c. 620, § 15 (for homicide by a motor vehicle while under influence of intoxicating substance, "[t]he sentence imposed upon such person shall not be reduced to less than one year, nor suspended, nor shall any person convicted under this subsection be eligible for probation, parole, or furlough or receive any deduction from his sentence until such person has served at least one year of such sentence"); and see the similar language in G. L. c. 94C, § 32H (mandatory minimum terms of imprisonment for trafficking in controlled substances), and G. L. c. 269, § 10E (unlawful sale or distribution of multiple firearms).

The home invasion statute as in effect at the time the defendant committed the offense does not exhibit these characteristic restrictions. The Commonwealth propounds that the statute implies a range of sentences in which life is the maximum term and twenty years the minimum. This is hardly evident from the language ("imprisonment in the state prison for life or for any term of not less than twenty years") and we can say at once that sentence to life is to be considered separately from sentence for years; a full stop inheres in the formulation after the words "for life" — that is, the statute sets out two alternatives: life *or* any term of not less than twenty years.[4] By the Commonwealth's interpretation, the statute would not define a maximum term of years and the judge would set it in discretion; the minimum would be fixed. This would reverse the usual expectation in Commonwealth sentencing — the statute defines the actual, or maximum, sentence (here twenty years is the lower limit of the length of sentence); the minimum is in the judge's discretion.

---

[4]The first clause of the Indeterminate Sentencing Act, G. L. c. 279, § 24 (see note 2, *supra*), states that it does not apply to life sentences. A life sentence is governed by G. L. c. 127, § 133A, which controls parole eligibility and release. An offender sentenced to life is first eligible for parole at fifteen years, but the Parole Board retains its authority to revoke parole and order the offender returned to prison at any time during the offender's life.

(b) The *Dunn* reading espoused by the Commonwealth would be at least unusual and so might be expected to run into collateral difficulties. The defendant cites such a problem with "Concord" (reformatory) sentences that were still authorized for crimes punishable in State prison or a house of correction at the time the home invasion statute became effective. See G. L. c. 279, §§ 31-33 (repealed by St. 1993, c. 432, §§ 18, 19, 20, by § 21 effective July 14, 1994). Concord sentences were either indeterminate (where the term was to be no more than two and one-half years, the parole board, not the judge, fixed the length of sentence) or determinate (the judge set a single term as the length of sentence). See *Commonwealth* v. *Hayes,* 372 Mass. 505, 511 (1977). These sentences had no minimum term because in each case parole was determined by the parole board. The judge could impose a determinate Concord sentence of any length up to "the maximum term fixed by law for the punishment of the offense of which [the defendant] ha[d] been convicted." G. L. c. 279, § 33, as appearing in St. 1972, c. 293, § 5 (repealed by St. 1993, c. 432, § 20). So a judge imposing either a determinate Concord sentence or an indeterminate State prison sentence had to look to the pertinent penal statute. In a Concord sentence for home invasion, the phrase "not less than twenty years" governed the length of sentence. For a State prison sentence for the offense, the phrase would express the length of sentence on the defendant's view, but, under the Commonwealth's view, would describe the time before parole eligibility. The latter would give disparate or contradictory readings to the phrase dependent on the locus of the imprisonment. If the phrase refers to the length of State prison sentence (maximum term) it has the desirable quality of retaining sameness of meaning.[5]

(c) The defendant's interpretation that "any term of not less

---

[5]The Commonwealth's view would result in a similar incongruity in statutes setting out alternative sentences to a house of correction or to State prison using the "not less than" language for both. (For one example, see G. L. c. 90, § 24(1)(*a*)(1), fifth par., as appearing in St. 1994, c. 25, § 3: "by imprisonment for not less than two years nor more than two and one-half years, or . . . by imprisonment in the state prison for not less than two and one-half years nor more than five years.") Since house of correction sentences are not subject to c. 279, § 24 (Department of Correction regulations set the parole eligibility date), the "not less than" language can only refer to the actual sentence if to a house of correction. But, under the Commonwealth's view that the phrase "not less than" always refers to the minimum sentence for sentences imposed pursuant to c. 279, § 24, the phrase would define the

than twenty years" (in the absence of any language specifying otherwise) refers to the actual or maximum sentence, not the minimum term, is more consonant with the wording of the Indeterminate Sentencing Act, G. L. c. 279, § 24, as appearing in St. 1993, c. 432, § 16. The statute as previously worded had provided, "If a convict is sentenced to the state prison, except for life or as an habitual criminal, the court shall not fix the term of imprisonment, but shall fix a maximum and a minimum term for which he may be imprisoned. The maximum term shall not be longer than the longest term fixed by law for the punishment of the crime of which he has been convicted, and the minimum term shall not be less than two and one half years." Section 16 of the Truth in Sentencing Act, St. 1993, c. 432, retained the first sentence and the first clause of the second sentence and rewrote the second part of the second sentence; in so doing, it inserted into that sentence "and the minimum term shall be a term set by the court." (See note 2, *supra*, for the complete text.) It is noteworthy that in the same legislation (Truth in Sentencing Act) which amended G. L. c. 127, § 133, to require persons sentenced to State prison to serve the minimum term of their sentence before possibility of parole (see note 3, *supra*) the Legislature inserted language in G. L. c. 279, § 24, emphasizing that the judge is to set the minimum term (parole eligibility date).

(d) We have dealt so far with the original text of § 18C. This text was amended by § 57 of the Gun Control Act, St. 1998, c. 180, approved July 23, 1998, effective October 21, 1998, to insert the following three sentences after the first sentence of § 18C:

> "Whoever commits said crime while being armed with a firearm, shotgun, rifle, machine-gun, or assault weapon shall be punished by imprisonment in the state prison for 20 years. Said sentence shall not be reduced to less than ten years nor shall the person convicted be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct; provided however, that the commissioner of correction may, on the

minimum term (or parole eligibility date), not the actual sentence, for a sentence to State prison. Thus the same phrase, without any additional words, would have two different meanings within a single sentence of the same statute.

recommendation of the warden, superintendent or other person in charge of a correctional institution, or the administrator of a county correctional institution, grant to such offender a temporary release in the custody of an officer of such institution for the following purposes only: to attend the funeral of next of kin or spouse; to visit a critically ill close relative or spouse; or to obtain emergency medical services unavailable at such institution. The provisions of section 87 of chapter 276 relative to the power of the court to place certain offenders on probation shall not apply to any person 17 years of age or over charged with a violation of this subsection."

The purpose of the amendment was, of course, to increase the penalty when the home invader aggravates the offense by being armed at the time with one of the described weapons.[6] The amendment is one of a number of provisions of the Gun Control Act which increase the penalties for various crimes when committed by offenders with named weapons.[7]

The amendment begins by stating that the invader with the proscribed armament shall be punished by imprisonment for twenty years. This but repeats (although not exactly) the preceding language of § 18C. Then comes the heart of the amendment which lays down a nonreducible ten-year term, with the prisoner ineligible for parole, and so forth. Here, beyond a doubt, is a mandatory minimum term. It corresponds in language and purpose to provisions in older statutes clearly characterized as mandatory minimums. See, e.g., the statutes cited *supra* at 619. See also *Commonwealth* v. *Lightfoot*, 391 Mass. 718, 721 (1984), in which the court, referring to similar language in G. L. c. 272, § 7 (deriving support from a prostitute's earnings), said, "We believe that the Legislature chose this particular format to reflect its desire to ensure a two-year mandatory minimum sentence."

But if § 18C, apart from the amendment, described a manda-

---

[6] The defendant was armed with a "dangerous weapon," which is a prerequisite of the § 18C offense, but it was a tire iron, not a "firearm," etc., mentioned in the amendment.

[7] For instance, for offenses committed while armed with a firearm, the Gun Control Act introduces a minimum term, see § 51 of the Act, amending G. L. c. 265, § 18(*a*) (armed assault on a person over sixty); or lengthens the term of an existing mandatory minimum, see § 55, amending G. L. c. 265, § 18A (armed assault in a dwelling house); or lengthens the basic term, see § 65, amending G. L. c. 266, § 14 (burglary while armed).

tory minimum of twenty years, as our previous opinion in the present case assumed in light of the *Dunn* case and the amendment of c. 127, § 133, by the Truth in Sentencing Act (see note 3, *supra*), then there would be no need or place for the amendment. There would be no point in the amendment's prohibiting parole for the shorter term as it would be already prohibited for the longer. The prohibition of work release and furlough would be empty because eligibility for each relates to the offender's parole eligibility date (by hypothesis the twenty-year term) and the prohibitions would be empty during the ten years.[8] Thus under the Commonwealth's view the only effect of the amendment in the case of a gun-wielder might be to prohibit probation (available for a first time nongun offender, see the last sentence of § 18C, as amended)[9] and restrict the earning of good conduct deductions for the first ten years in prison.[10]

The Commonwealth is unable to smooth over the contradictions and oddities that arise where the "not less than twenty years" is treated as a mandatory minimum. The discrepancies disappear where the clause is seen as length of sentence; and the total design of the present § 18C then appears as follows.[11] Section 18C before the amendment, and as it applies in cases

[8]General Laws c. 127, § 49, provides that a prisoner is first eligible for work release when he is within eighteen months of his parole eligibility date. By administrative regulation, 103 Code Mass. Regs. § 463.07 (1993), a prisoner is not eligible for furlough until he is within three years of his parole eligibility date.

[9]A sentence to probation seems unlikely in most instances because of the severity of the offense and because the Truth in Sentencing Act, St. 1993, c. 432, § 11, last sentence (amending G. L. c. 127, § 133), eliminated "split" State prison sentences. See *Commonwealth* v. *Russo*, 421 Mass. 317, 319 n.2 (1995).

[10]The Truth in Sentencing Act eliminated "statutory" good time deductions under G. L. c. 127, § 129 (repealed by St. 1993, c. 432, § 10), but left intact c. 127, § 129C, which allows deductions for good conduct while in a prison camp, and § 129D, which allows deductions from the minimum term of a sentence for a prisoner who has successfully completed a work education or rehabilitation program (no more than two and one-half days for each program for each month of activity), thus shortening the time before the prisoner is eligible for parole. It would be impossible to earn ten years of deductions in the first ten years of a sentence.

[11]For the proposition that a later enacted amendment may be instructive and help to clarify the meaning of a statute, see *Globe Newspaper Co.* v. *Beacon Hill Architectural Commn.*, 421 Mass. 570, 580 (1996); *Weston* v. *Maguire*, 10 Mass. App. Ct. 540, 542 (1980); Singer, Sutherland Statutory Construction §§ 22.34 (at 297-298), 45.15, 49.11 (5th ed. 1992).

not covered by the amendment, sets the not less than twenty years as the length of sentence, and the judge imposes also a minimum term in discretion. The effect of the amendment, in the cases covered by it, is that the minimum term is to be not less than ten years — a mandatory minimum.

2. Beset by difficulties of interpretation in trying to support its theory, the Commonwealth turns and attacks our position as an enervation of the home invasion crime. On our reading, says the Commonwealth, a judge could give a sentence of, say, two years to twenty in a nongun case (or eleven to twenty in a gun case). Why a judge would be unreasonably lenient toward violent crime is not explained. Moreover, eligibility for parole does not mean release on parole; this is up to the Parole Board, and even release on parole leaves an offender subject to the Department of Correction to the end of sentence. Read in our sense, the statute bears comparison for severity with other statutes dealing with violent crime.[12] Nevertheless, it is fair to say that the defendant in his own interest prefers the interpretation of § 18C for which he has contended.

We need add that if — which we do not believe — the defendant's interpretation is to be judged merely as persuasive as the Commonwealth's view, then choice must favor the defendant. See *Aldoupolis* v. *Commonwealth*, 386 Mass. 260, 267, cert. denied, 459 U.S. 864 (1982). See also *Commonwealth* v. *Rosa*, 18 Mass. App. Ct. 247, 248 (1984).

The sentence on the indictment for violation of G. L. c. 265, § 18C, is vacated, and the case is remanded to the Superior Court for resentencing.

*So ordered.*

---

[12]See, e.g., G. L. c. 265, § 15A (assault and battery by means of a dangerous weapon: not more than ten years in State prison or two and one-half years in jail); c. 265, § 16 (attempt to murder by poisoning, drowning, or strangling: not more than twenty years in State prison or two and one-half years in jail); c. 266, § 14 (burglary while armed: State prison for life or not less than ten years).