## Commonwealth *vs.* Marc Brown.

Suffolk. April 4, 2000. - June 21, 2000.

Present: Marshall, C.J., Abrams, Greaney, Ireland, & Cowin, JJ.

*Practice, Criminal,* Sentence, Parole. *Home Invasion. Statute,* Construction.

Discussion of the general statutory framework governing indeterminate sentences and parole eligibility. [773-774, 776-781]

The plain language of G. L. c. 265, § 18C, establishes a penalty of a mandatory minimum sentence of twenty years to a maximum sentence of life in prison. [775-776]

Indictment found and returned in the Superior Court Department on September 19, 1996.

The case was tried before *Nonnie S. Burnes,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Jane A. Sullivan,* Assistant District Attorney, for the Commonwealth.

*Edward B. Gaffney* for the defendant.

The following submitted briefs for amici curiae:

*Thomas F. Reilly,* Attorney General, *& Susanne G. Levsen,* Assistant Attorney General, for the Attorney General.

*John P. Osler,* Committee for Public Counsel Services, for Committee for Public Counsel Services.

Cowin, J. The Appeals Court affirmed the defendant's convictions of several crimes, including his conviction and sentence on an indictment charging home invasion, G. L. c. 265, § 18C.[1]

---

[1]General Laws c. 265, § 18C, provides in pertinent part:

"Whoever knowingly enters the dwelling place of another knowing or having reason to know that one or more persons are present within or knowingly enters the dwelling place of another and remains in such dwelling place knowing or having reason to know that one or more persons are present within while armed with a dangerous weapon, uses force or threatens the imminent use of force upon any person within

*Commonwealth* v. *Brown*, 46 Mass. App. Ct. 279 (1999) (*Brown I*). The defendant petitioned for rehearing solely on the issue of the sentence imposed on the home invasion conviction. The defendant had been sentenced in the Superior Court to from twenty years to twenty years and one day in the State prison. After rehearing, the Appeals Court vacated that sentence and remanded the case to the Superior Court for resentencing. *Commonwealth* v. *Brown*, 47 Mass. App. Ct. 616, 624 (1999) (*Brown II*). We granted the Commonwealth's application for further appellate review and affirm the sentence imposed by the Superior Court.[2]

The only issue in this case concerns the interpretation of the following language in § 18C: "[An offender] shall be punished by imprisonment in the state prison for life or for any term of not less than twenty years."[3] The defendant argues that the "not less than twenty years" provision in § 18C establishes the *minimum* number of years the judge could impose as the higher (maximum) number of years of the sentence. Under that interpretation, the judge would have the option of imposing a life sentence or an indeterminate sentence with a maximum number of not less than twenty years and a minimum number of not less than one year. The Commonwealth, on the other hand, contends that this statute is simply a variation of the normal indeterminate minimum-maximum sentence; here, the maximum sentence is life and the minimum is twenty years. In other words, the "not less than" provision establishes the minimum sentence that may be imposed.

To address the parties' arguments concerning this statute, we must first examine the general statutory framework of our

such dwelling place whether or not injury occurs, or intentionally causes any injury to any person within such dwelling place shall be punished by imprisonment in the state prison for life or for any term of not less than twenty years."

[2]We acknowledge the briefs filed by the Attorney General and by the Committee for Public Counsel Services (CPCS) as amici curiae.

[3]The defendant raised an issue before the Appeals Court in *Commonwealth* v. *Brown*, 46 Mass. App. Ct. 279 (1999) (*Brown I*), concerning the admission in evidence of an audiotape; his brief before this court also discusses this issue. However, that matter was not addressed in *Commonwealth* v. *Brown*, 47 Mass. App. Ct. 616 (1999) (*Brown II*), in which we granted further appellate review. Accordingly, we do not consider the audiotape issue properly before us.

sentencing and parole provisions. The indeterminate sentencing law, G. L. c. 279, § 24, provides that, in imposing a State prison sentence, with exceptions not here relevant, the judge is not to fix the specific term of imprisonment, but shall fix a maximum and a minimum term of imprisonment.[4] The application of this provision yields the typical State prison sentence (for example, from three to five years or from ten to fifteen years).

Parole eligibility is determined by the provisions of G. L. c. 127, § 133, which mandate in general that a prisoner sentenced to State prison is ineligible for parole until he has served the entire minimum term of his sentence (reduced by any earned "good conduct credits").[5] That is, "[t]he maximum sentence is just that, the maximum amount of time that the prisoner will serve in prison if he . . . is not granted parole . . . . The minimum sentence serves as a base for determining his parole eligibility date." *Connery* v. *Commissioner of Correction*, 33 Mass. App. Ct. 253, 254 (1992), *S.C.*, 414 Mass. 1009 (1993). Thus, in a sentence that has a minimum and a maximum, the judge establishes both the maximum sentence the defendant will serve if he is never paroled and the minimum sentence the defendant will serve, after which the prisoner becomes eligible for parole.[6]

---

[4]General Laws c. 279, § 24, as appearing in St. 1993, c. 432, § 16, reads:

> "If a convict is sentenced to the state prison, except for life or as an habitual criminal, the court shall not fix the term of imprisonment, but shall fix a maximum and a minimum term for which he may be imprisoned. The maximum term shall not be longer than the longest term fixed by law for the punishment of the crime of which he has [been] convicted, and the minimum term shall be a term set by the court, except that, where an alternative sentence to a house of correction is permitted for the offense, a minimum state prison term may not be less than one year."

[5]This parole eligibility standard was inserted by the Truth-in-Sentencing Act, St. 1993, c. 432, and applies to offenses, such as the one in this case, committed on or after July 1, 1994. St. 1993, c. 432, §§ 11, 21. Pursuant to the earlier version of G. L. c. 127, § 133, as amended through St. 1986, c. 486, parole eligibility was dependent on the type of crime committed and was reduced by various types of "deductions." Although the standards applied to compute parole eligibility have been changed, the minimum sentence remains as the base for determining the parole eligibility date.

[6]This minimum sentence may still be reduced by certain deductions for good conduct. See G. L. c. 127, § 133, as amended by St. 1993, c. 432, § 11.

We conclude that the language at issue in § 18C establishes a mandatory minimum sentence and that offenders under this statute may be sentenced to a term ranging from twenty years (minimum) to life (maximum). Our decision is supported by the plain language of the statute and interpretations of similar sentencing provisions in other statutes.

1. *The plain language 'of § 18C.* When the language of a statute is plain and unambiguous, it must be given its ordinary meaning. See *Victor V. v. Commonwealth*, 423 Mass. 793, 794 (1996), and cases cited. The plain language of § 18C, "for life or for any term of *not less than* twenty years," indicates that offenders under the statute must be sentenced either to life or to not less than twenty years (i.e., a minimum term of twenty years and a maximum term of life).[7]

The defendant would have us read this language as meaning for life, or for any term of years, provided however, that in no event shall the maximum term imposed be less than twenty years. This interpretation, however, is in direct conflict with the plain language of the statute. If the Legislature had intended the result the defendant suggests, it presumably would have provided for it with some clarity.[8] "Hence, it would be sheer conjecture on our part to conclude that the Legislature meant the fifteen-year term [to be so interpreted]." *Commonwealth* v. *Marrone*, 387 Mass. 702, 704 (1982). In light of the statute's plain language, we decline to adopt what appears to us to be a strained interpretation.

The defendant also contends that, if the Legislature intended § 18C to require a mandatory minimum term, as we conclude, it would have used the customary language for mandatory minimum sentences. See, e.g., G. L. c. 269, § 10E (providing that sentence for unlawful sale or distribution of multiple

---

[7] One amicus, CPCS, argues that under our interpretation the statute does not define a maximum term of years. We disagree. As discussed, *supra*, § 18C provides a maximum term of life. In addition, CPCS queries how parole eligibility would be determined for a sentence of "twenty years to life," as parole eligibility for a life sentence is usually at the expiration of fifteen years. CPCS is correct that parole eligibility for one serving a life sentence is generally fifteen years. See G. L. c. 127, § 133A. Here, however, the Legislature has altered that eligibility through the specific language of § 18C. In this case, as in any case with a mandatory minimum, parole eligibility would occur after the minimum term of the sentence, here twenty years.

[8] This seems particularly true given the similar interpretation of like provisions in other statutes. See Part 2, *infra*.

firearms is "term of imprisonment of not more than ten years in the state prison" but that "[n]o sentence . . . shall be for less than a mandatory minimum term of imprisonment of three years"). See also G. L. c. 94C, § 32H (providing that for an individual convicted of trafficking in controlled substances "the sentence . . . shall not be . . . suspended or reduced until such person shall have served said mandatory minimum term of imprisonment" nor shall any such person "be eligible for probation, parole, furlough, work release, or receive any deduction from his sentence for good conduct" until serving the mandatory minimum). The Legislature, however, is not restricted to one means of expression; and in actual practice it has not so restricted itself.

The Legislature has adopted different approaches to determine minimum sentences. In some circumstances, statutes provide the judge great discretion, permitting a sentence for as long as life or as little as one year. See, e.g., G. L. c. 265, § 19 (individuals convicted of unarmed robbery "shall be punished by imprisonment in the state prison for life or for any term of years"). In other cases, the Legislature establishes a minimum number, which eliminates the judge's discretion to sentence below that number. See, e.g., G. L. c. 266, § 14 (individuals convicted of burglary while armed with certain weapons "shall be punished by imprisonment in the state prison for life or for any term of years, but not less than 15 years"). The sentencing provision in this case is simply an example of the latter situation in which the Legislature selects a specific minimum number rather than giving total sentencing discretion to the sentencing judge. The lower number is the minimum, here twenty years. The Legislature has, in our view, clearly chosen one means of establishing a mandatory minimum sentence.

2. *Other similar statutes.* Our conclusion is supported by the fact that the "life" or "not less than" language in other statutes has been construed similarly as imposing a mandatory minimum sentence. See, e.g., G. L. c. 265, § 18A (armed assault in a dwelling "for life, or for a term of not less than ten years"); G. L. c. 266, § 14 (armed burglary and assault on occupant "for life or for any term of not less than ten years"); G. L. c. 265, § 22A (forcible rape of child, second or subsequent offense, "for life or for any term of years, but not less than five years"); G. L. c. 265, § 24B (assault of child with intent to commit rape while armed, "for life or for any term of years, but

not less than ten years"; assault of child with intent to commit rape, subsequent offense, "for life or for any term of years but not less than five years"); G. L. c. 266, § 14 (armed burglary "for life or for any term of not less than ten years"). Language such as this has always been interpreted in the same manner: the "not less than" phrase denotes a minimum sentence. See, e.g., *Commonwealth* v. *Claudio*, 418 Mass. 103, 109 (1994) (referring to penalty provision for armed burglary in G. L. c. 266, § 14, "imprisonment in the state prison for life or for any term of *not less than* ten years," albeit without any detailed discussion, as "mandatory minimum sentence"). The defendant's interpretation is not consistent with the traditional interpretation of the numerous other criminal statutes with similar sentencing provisions. Further, the Legislature is presumed to be aware of judicial decisions that have consistently interpreted these statutes in the traditional fashion, see *Andover Sav. Bank* v. *Commissioner of Revenue*, 387 Mass. 229, 241 (1982), and it has not altered the wording of the statutes.

Section 18C, enacted in 1993 to deal with home invasions in which the armed intruder knows or should know that an occupant is present, concerns an extremely serious crime. See *Commonwealth* v. *Dunn*, 43 Mass. App. Ct. 58, 64 (1997) ("What sets home invasion apart . . . and we think legitimately triggers a longer minimum sentence — is the additional element that the armed intruder knows, or should know, that an occupant is present before he enters the dwelling. The intruder's actual or constructive knowledge on that score, we think, dramatically heightens the risk of a potentially deadly encounter with a frightened or startled occupant"). For this significant offense, the Legislature presumably intended that a significant minimum sentence be imposed. The defendant's proposed interpretation would be contrary to this intent, because it would permit one convicted of home invasion to be sentenced to as little as one year, making him eligible for parole after that period. G. L. c. 127, §§ 129D, 133. We decline to accord such an intent to the Legislature in the absence of a plain expression thereof. See *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 652-653 (1992), quoting *Commonwealth* v. *Tata*, 28 Mass. App. Ct. 23, 25-26 (1989) (declining to adopt defendant's "fanciful or perverse" statutory interpretation when "sensible interpretation" is available).

The defendant has not called our attention to any statute that

has been interpreted as he suggests, i.e., that the number of years in the statute is the minimum of the top number of years, inviting a lower minimum number down to one year. On the other hand, our interpretation has been the traditionally accepted one. See, e.g., *Commonwealth* v. *Dunn, supra* at 62, in which the Appeals Court assumed that the sentencing provision of § 18C established a "mandatory minimum sentence of twenty years." The defendant points to statutes involving "reformatory" or "Concord" sentences and statutes that authorize either imprisonment in a house of correction or the State prison to argue that the Legislature could not have intended to establish a minimum parole eligibility period of twenty years under § 18C. We disagree. The defendant argues that the Legislature could not have intended a twenty-year mandatory minimum parole eligibility under § 18C, because this would be inconsistent with permitting the judge to give a defendant a Concord sentence of twenty years resulting in parole eligibility after only two years.[9] However, until the repeal of the Concord sentence, see St. 1993, c. 432, § 20, this was a general sentencing option. Defendants could receive lengthy sentences to State prisons resulting in a long period of incarceration before parole eligibility while defendants sentenced under the same statutes to the Massachusetts Correctional Institution at Concord were eligible for parole after a short period. Similarly, in this case, as a matter of policy, the possibility of the defendant's receiving· a Concord sentence was not incompatible with the mandatory minimum of § 18C. The fact that the two sentencing options result in different parole eligibility dates is thus not

[9]As § 18C was enacted prior to the Truth-in-Sentencing Act, see St. 1993, c. 432, the parole eligibility date for a twenty years to twenty years and one day sentence to the State prison was two-thirds of twenty years, or thirteen years and four months. See G. L. c. 127, § 133. The defendant would have been eligible for parole in two years if he had received a Concord sentence. See 120 Code Mass. Regs. § 200.04 (1997).

The Legislature has since eliminated the Concord sentence, see St. 1993, c. 432, § 20. It has also eliminated parole eligibility after two-thirds of a sentence is served so that today, generally, one sentenced to the State prison is ineligible for parole until serving the entire minimum sentence, see G. L. c. 127, § 133, as appearing in St. 1993, c. 432, § 11, and note 5, *supra*. Given our interpretation of the statute, anyone sentenced for a crime under G. L. c. 265, § 18C, committed on or after July 1, 1994, is not eligible for parole until· the expiration of twenty years, see St. 1993, c. 432, § 21. See also 120 Code Mass. Regs. § 200.05 (1997).

determinative because the Legislature chose to provide judges with this choice.

The defendant also argues that his position is supported by the wording of statutes that permit either house of correction or State prison sentences. Such statutes typically provide that the penalty is "not less than [a] years nor more than [b] years in a jail or house of correction or not less than [x] nor more than [y] years in the state prison." See, e.g., G. L. c. 90, § 24L (providing that individuals convicted of recklessly or negligently operating a motor vehicle "shall be punished by imprisonment in the state prison for not less than two and one-half years nor more than ten years . . . or by imprisonment in a jail or house of correction for not less than six months nor more than two and one-half years"). House of correction sentences are determinate (one time period only is imposed, e.g., two years),[10] and cannot contain minimum and maximum terms, our position accords two different meanings to the same phrase, "not less than," used in the same phrase.

The simple answer is that the "not less than" number in those statutes does not have two different meanings. It is always the shortest sentence that can be imposed, the number of years that determines parole eligibility. This is the case whether it is a house of correction or a State prison sentence. The "not less than" number in house of correction sentences is not the "bottom" number of a maximum-minimum sentence only because house of correction sentences do not contain two numbers. Thus, our interpretation does not require reading "not less than" as having two different meanings.

3. *The 1998 amendment.* The defendant maintains that the 1998 amendment to § 18C, see St. 1998, c. 180, § 57, supports his position. The amendment added the following pertinent language:

> "Whoever commits said crime while being armed with a firearm, shotgun, rifle, machine-gun, or assault weapon shall be punished by imprisonment in the state prison for

---

[10]Parole eligibility is determined on the basis of that one term and occurs when one-half the sentence has been served. If the defendant is paroled at any point, therefore, he remains on parole until the total time expires. See 120 Code Mass. Regs. § 200.05 (1997). For example, a defendant sentenced to two years in a house of correction is eligible for parole after serving one year, and if paroled at that time or thereafter, remains on parole until the expiration of the two years.

20 years. Said sentence shall not be reduced to less than ten years nor shall the person convicted be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct . . . ."

The defendant contends that the Commonwealth's position renders this amendment meaningless as the amendment imposes a mandatory twenty-year minimum sentence for a home invader armed with any of the specified weapons and, under the Commonwealth's argument, this is already the sentence for *any* home invader. Thus, according to the defendant, unless we are to render the words of the amendment nugatory, the penalty for home invasions not encompassed by the amendment must include a sentence in which the lower number is less than twenty years.

We do not agree. While the defendant's argument is plausible, the statute with the amendment is too lacking in coherence to be the basis for adopting the defendant's position. The amendment, either read together with the original statute or read separately, is problematic for several reasons. First, the Legislature departs, perhaps inadvertently, from the typical minimum-maximum type of sentence and adopts an uncharacteristic single-term penalty (twenty years) for home invaders armed with certain types of weapons.[11] Second, the amendment prohibits reducing the minimum twenty-year sentence to less than ten years, but, given the good conduct and parole procedures in effect in 1998 when the amendment was passed, reduction of a twenty-year sentence to less than ten years is impossible.[12] Third, as the defendant points out, the amendment appears to impose a lesser penalty for a more serious offense (home invasion by one armed with the most dangerous weapons). Finally, even when the Legislature has imposed

[11]We were faced with a similar situation in *Commonwealth* v. *Marrone*, 387 Mass. 702 (1982), in regard to a statute that provided a mandatory term of fifteen years in the State prison. See G. L. c. 94C, § 32E (*c*), third par., inserted by St. 1980, c. 436, § 4. We declined to conclude that the Legislature meant the sole fifteen-year term to be either the maximum or the minimum term. "Plain omissions in the law . . . cannot be supplied . . . by the courts . . . ." *Id.* at 704, quoting *Thacher* v. *Secretary of the Commonwealth*, 250 Mass. 188, 190-191 (1924).

[12]We discern no ambiguity in the statute itself; the interpretive problem addressed herein is created wholly by the labored reading advanced by the defendant. We decline to indulge in intellectual contortions in an effort to render logical a statute that is inherently nonsensical.

mandatory minimum sentences, it has still given the judge discretion to impose a harsher sentence. See the sentences for various narcotics offenses, such as G. L. c. 94C, § 32J (mandatory minimum sentence of two years but authorizing a sentence of up to fifteen years). There does not appear to be anything peculiar about this type of armed home invasion that requires a precise twenty-year sentence in all events, never a day more or less. Most likely, the problems with the amendment were simply the result of a legislative oversight, one we cannot remedy. We interpret that portion of the statute that applies to the offense before us in accord with the plain language the Legislature used and in accord with similar provisions in other statutes. We make no attempt to interpret the amendment, but invite the Legislature to clarify it. The incongruity in the amendment does not persuade us to adopt the strained reading espoused by the defendant.

4. *Conclusion.* For the foregoing reasons, the Superior Court imposed a proper sentence.

*So ordered.*