## Michael Sellers's Case.

No. 06-P-1445.

Suffolk. October 5, 2007. - January 17, 2008.

Present: Perretta, Berry, & Trainor, JJ.

Further appellate review granted, 451 Mass. 1103 (2008).

*Workers' Compensation Act,* Average weekly wages, Concurrent employment, Uninsured employer.

The reviewing board of the Department of Industrial Accidents erred in determining that an employee's benefits for injuries resulting in total incapacity were to be calculated based on his combined wages from an insured employer and an uninsured employer, where G. L. c. 152, § 1(1), limits the earnings that can be used to calculate such an employee's average weekly wages to those from insured employers and self-insured employers. [78-80]

Appeal from a decision of the Industrial Accident Reviewing Board.

*David A. Guberman,* Assistant Attorney General, for Workers' Compensation Trust Fund.

*Paul H. Nugent* for the employee.

Berry, J. Under the Workers' Compensation Act (act), an employee who sustains injuries resulting in total incapacity is entitled to compensation based on the employee's "average weekly wage before the injury." G. L. c. 152, §§ 34, 34A.[1] A

---

[1]Under G. L. c. 152, § 34, as amended through St. 1991, c. 398, § 59, an employee with an injury resulting in temporary, total incapacity is to be paid "sixty percent of his or her average weekly wage before the injury, . . . unless the average weekly wage of the employee is less than the minimum weekly compensation rate, in which case said weekly compensation shall be equal to his average weekly wage."

Under G. L. c. 152, § 34A, as amended through St. 1991, c. 398, § 60, where the injury proves to be both "permanent and total," the employee is entitled to "a weekly compensation equal to two-thirds of his average weekly wage before the injury, but not more than the maximum weekly compensation rate nor less than the minimum weekly compensation rate."

related section of the act, G. L. c. 152, § 1(1), as amended through St. 1943, c. 529, § 1, defines "average weekly wages" in pertinent part as follows: "In case the injured employee is employed in the *concurrent service of more than one insured employer or self-insurer, his total earnings from the several insured employers and self-insurers shall be considered in determining his average weekly wages*" (emphasis added).

In this case, Michael Sellers (employee) worked concurrently for an insured employer (i.e., an employer that carried workers' compensation insurance) and an uninsured employer (i.e., an employer that, in violation of G. L. c. 152, unlawfully failed to carry workers' compensation insurance).[2] The employee suffered a serious and wholly disabling injury while working for the uninsured employer.

Had the employee been engaged in concurrent work for, and earning wages from, one or more *insured employers or self-insurers*, then, under the above-quoted sections of the act, the employee would have received disability benefits calculated by combining his concurrent average weekly wages from the several insured or self-insured employers.

The question presented in this appeal is whether, even though one of the employers was an uninsured entity, the applicable sections of the act may be construed so as to entitle the employee to the same calculated combined wages that would have resulted under §§ 1(1) and 34 or 34A if the employee had been concurrently working for insured employers or self-insurers.

Based on the plain definitions contained in the act, we are constrained to conclude that the employee in this case is not entitled to have his average weekly wages calculated by combining his concurrent wages earned from both the uninsured employer and the insured employer. Revisions of the applicable sections of G. L. c. 152 to correct what is obviously a disparity among injured employees requires legislative amendment. Such

---

[2]The controlling differential is not that the employee suffered the injury while working for the uninsured, as opposed to the insured, employer. This is so because even had the employee been injured while working for his insured employer, the question of the calculation of average weekly wages would still pose the same issue, viz., whether the employee's concurrent wages would include wages from both the insured and uninsured employer.

amendment cannot, however, be achieved by judicial rewriting of the statutory terms. This court cannot "read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose." *General Elec. Co.* v. *Department of Envtl. Protection*, 429 Mass. 798, 803 (1999), quoting from *King* v. *Viscoloid Co.*, 219 Mass. 420, 425 (1914).

1. *Procedural and factual history.* We take the facts from the administrative record. In September, 2001, the employee was working for the John Havlin Tree Service (Havlin) when a tree limb weighing 300 to 400 pounds fell on his back and neck. The employee suffered injuries rendering him a quadriplegic. At the time of the accident, Havlin did not carry workers' compensation insurance. However, at the time of his injury, in addition to working for Havlin, the employee also worked for, and received wages from, Steve Miller Company (SMC). SMC carried workers' compensation insurance.

The employee filed his application for workers' compensation benefits with the Department of Industrial Accidents (DIA). Because the injury occurred while the employee was performing services for an uninsured employer, under G. L. c. 152, § 65(2), the employee's benefits were to be paid by the Workers' Compensation Trust Fund (trust fund), which provides benefits where an injury to a worker occurs during employment for an uninsured company.[3] The trust fund, in turn, may seek recovery from the uninsured employer for the compensation paid. G. L. c. 152, § 65(8). (In addition, employers that fail to carry mandated

---

[3]General Laws c. 152, § 65(2), as amended through St. 1991, c. 398, § 85, provides, in pertinent part:

> "There is hereby established a trust fund in the state treasury, known as the Workers' Compensation Trust Fund, the proceeds of which shall be used to pay or reimburse the following compensation: . . . (e) payment of benefits resulting from approved claims against employers . . . who are uninsured in violation of this chapter . . . ."

General Laws c. 152, § 65(8), as amended through St. 1991, c. 398, § 88, provides, in pertinent part:

> "If the trust fund pays compensation to a claimant pursuant to clause (e) of subsection (2), it may seek recovery from the uninsured employer for an amount equal to the amount paid on behalf of the claimant under this chapter, plus any necessary and reasonable attorney fees."

worker's compensation insurance can be held liable for full tort damages to the injured plaintiff. G. L. c. 152, § 25C.)

Following a conference held pursuant to G. L. c. 152, § 10A, an administrative judge awarded the employee temporary total incapacity benefits pursuant to G. L. c. 152, § 34. The amount awarded did not reflect the employee's concurrent employment. Both sides appealed. Following a de novo hearing, the same administrative judge awarded the employee permanent total incapacity benefits pursuant to G. L. c. 152, § 34A, by combining his weekly wages from Havlin and SMC.

The trust fund then appealed to the DIA reviewing board (board). The board concluded that in keeping with the remedial purpose of the act, an "insured employer" as used in G. L. c. 152, § 1(1), should be interpreted to mean "an employer legally required to carry workers' compensation insurance." The board's analysis was that both employers were required to participate in the workers' compensation system, and that Havlin participated "illegally, causing the [t]rust [f]und . . . to pay the benefits that would have otherwise been the responsibility of Havlin's . . . insurer." In light of this, the board determined that the employee's benefits were to be calculated based on his combined wages from both Havlin and SMC, and it affirmed the decision of the administrative judge. This appeal by the trust fund followed.

2. *Statutory analysis.* The trust fund argues on appeal that the plain language of G. L. c. 152, § 1(1), cannot support the interpretation applied by the administrative judge and the board. The employee maintains that the term "concurrent service" in G. L. c. 152, § 1(1), captures and encompasses wages from all employers that are legally required under G. L. c. 152 to carry workers' compensation insurance — even if a specific employer fails to carry insurance as required by law. According to the employee's theory, such a defaulting employer should still be considered as subject to, and still operating within the legal universe of, the G. L. c. 152 workers' compensation system. Thus, the employee submits, all wages are to be combined in this case.

The employee's proposed construction falls before the black letter terms in G. L. c. 152. First, the definition in G. L. c. 152, § 1(1), speaks directly of, and is limited to, earnings from

"insured employers and self-insurers." Second, in G. L. c. 152, § 1(6), as amended through St. 1986, c. 662, § 5, an insured employer is defined as "an employer who has provided by insurance for the payment to his employees by an insurer of the compensation provided for by this chapter, or is a self-insurer." Likewise, in G. L. c. 152, § 1(7), a self-insurer is included within the statutory definition of an employer providing worker's compensation insurance under c. 152.[4] The core and plain point in these definitions is that workers' compensation insurance exists as provided by the insured employer or self-insurer. "When the language of a statute is plain and unambiguous, it must be given its ordinary meaning." *Commonwealth* v. *Brown*, 431 Mass. 772, 775 (2000). An uninsured employer does not fall within either of these plainly defined terms, and the legislatively defined terms cannot be expanded to include a different class, i.e., an uninsured employer. "[A] statutory expression of one thing [here the express reference to 'insured employer or self-insurer' in G. L. c. 152, § 1(1)] is an implied exclusion of other things omitted [here the omission of any reference to uninsured employers] from the statute." *Police Commr. of Boston* v. *Cecil*, 431 Mass. 410, 413 (2000), quoting from *Harborview Residents' Comm., Inc.* v. *Quincy Hous. Authy.*, 368 Mass. 425, 432 (1975), and cases cited.

A third flaw is that, in order to accept the employee's interpretation of the statute, we would, in effect, have to amend § 1(1) to read that, in addition to a worker's concurrent wages being combined for insured employers and self-insurers, an additional wage component subject to such combining "implicit" in § 1(1) would be wages earned by the worker from *employers that should have, but did not have, workers' compensation insurance.* "Where 'the Legislature has carefully employed specific language in one paragraph of a statute . . . the language should not be implied where it is not present.' " *Hallett* v. *Contributory Retirement Appeal Bd.*, 431 Mass. 66, 69 (2000), quoting

---

[4]General Laws c. 152, § 1(7), as amended through St. 1986, c. 662, § 5, defines and includes a self-insurer with the class of insuring entities: " 'Insurer', any insurance company, reciprocal, or interinsurance exchange, authorized so to do, which has contracted with an employer to pay the compensation provided for by this chapter. The term 'insurer' within this definition shall include, wherever applicable, a self-insurer . . . ."

from *First Natl. Bank* v. *Judge Baker Guidance Center*, 13 Mass. App. Ct. 144, 153 (1982).[5] A court "will not add words to a statute that the Legislature did not put there, either by inadvertent omission or by design." *Commonwealth* v. *Callahan*, 440 Mass. 436, 443 (2003), quoting from *Commonwealth* v. *McLeod*, 437 Mass. 286, 294 (2002).

We understand that the end result to the permanently and catastrophically injured employee in this case is untoward, and is particularly troublesome in light of the "humanitarian measure[s]" inherent in the act. *Neff* v. *Commissioner of the Dept. of Industrial Accs.*, 421 Mass. 70, 73 (1995), quoting from *Young* v. *Duncan*, 218 Mass. 346, 349 (1914). A court cannot, however, rewrite the material provisions of G. L. c. 152, § 1(1), by judicial fiat. "It is the function of the court to construe a statute as written and an event or contingency for which no provision is made does not justify judicial legislation." *Prudential Ins. Co. of Am.* v. *Boston*, 369 Mass. 542, 547 (1976). It remains for legislative consideration and prerogative to amend the governing provisions of the workers' compensation act to yield a different calculus for average weekly wages to include concurrent wages earned by an injured employee from a uninsured employer.

The decision of the board is reversed, and the matter is remanded to the DIA for recalculation of the employee's benefits in accordance with this opinion.

*So ordered.*

---

[5]We note that in 1985, when the Legislature amended G. L. c. 152 by adding § 65, establishing the trust fund as a mechanism to provide compensation to injured workers employed by uninsured employers, see St. 1985, c. 572, § 55, the Legislature did not contemporaneously amend § 1(1) to add references to uninsured employers to the calculation of "average weekly wages."