COMMONWEALTH vs. HENRY J. MARRONE.

Essex. September 15, 1982. — December 7, 1982.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Controlled Substances. Practice, Criminal,* Sentence. *Statute,* Construction, Severability, Supersedure.

General Laws c. 94C, § 32E (*c*), par. 3, which prescribes a "mandatory term of fifteen years in the state prison" for persons convicted of unlawful possession of more than 200 grams of a mixture containing heroin or certain other controlled substances, with intent to distribute it, could not be treated as prescribing a minimum term, so as to permit a judge to impose a sentence of fifteen to twenty years' imprisonment thereunder. [704-705]

General Laws c. 94C, § 32E (*c*), par. 3, which enhances the penalties for unlawful possession of more than 200 grams of a mixture containing heroin or certain other controlled substances, did not provide clear evidence of legislative intent to repeal impliedly the conflicting sentence structure prescribed by G. L. c. 279, § 24, and thus was impermissibly ambiguous; however, the invalid language was severable from the general sentencing provisions set out in G. L. c. 94C, § 32E (*c*), under which a defendant could be properly resentenced. [705-707]

A defendant convicted of unlawful possession of more than 200 grams of a mixture containing heroin, with intent to distribute it, could not properly be sentenced to a term of fifteen to twenty years' imprisonment under G. L. c. 94C, § 32E (*c*), par. 3, which prescribes a "mandatory term of fifteen years in the state prison," but, on remand, could properly be resentenced pursuant to general language in § 32E (*c*) providing for imprisonment for not less than five nor more than fifteen years. [707]

INDICTMENT found and returned in the Superior Court Department on August 17, 1981.

The case was heard by *Flaksman,* J., a District Court judge sitting under statutory authority, and questions of law were reported by him to the Appeals Court. The Supreme Judicial Court ordered direct review on its own initiative.

*Carmine W. DiAdamo* for the defendant.

*Dyanne Klein Polatin,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. After a jury-waived trial, the defendant Marrone was convicted of unlawful possession of more than 200 grams of heroin, or a mixture containing heroin, with an intent to distribute. G. L. c. 94C, § 32E (*c*), par. 3,[1] inserted by St. 1980, c. 436, § 4. Marrone was sentenced to the Massachusetts Correctional Institution, Walpole, for a term of not less than fifteen nor more than twenty years.[2] The judge reported questions to the Appeals Court concerning the correctness of the sentence and stayed the defendant's sentence. See Mass. R. Crim. P. 34, 378 Mass. 905 (1979). See also *Commonwealth* v. *Allen,* 378 Mass. 489 (1979). We transferred the case to this court on our own motion. We vacate the sentence and remand for further sentencing proceedings consistent with this opinion.

---

[1] General Laws c. 94C, § 32E (c), inserted by St. 1980, c. 436, § 4, provides in pertinent part: "Any person who knowingly or intentionally manufactures, distributes, dispenses, or possesses with intent to manufacture, distribute, dispense or brings into this state in excess of 28 grams of any morphine, opium, or any salt, isomer, or salt of an isomer thereof, including heroin, or 28 grams or more of any mixture containing any such substance, shall be guilty of trafficking in heroin and shall be imprisoned for not less than five years and not more than fifteen years in the state prison. If the quantity is:

". . . .

"3. 200 grams or more, such person shall be imprisoned for a mandatory term of fifteen years in the state prison. A fine of not less than $50,000 and not more than $500,000 may also be imposed, but not in lieu of the mandatory term of imprisonment, as so authorized."

[2] The defendant was also convicted of possession of heroin with intent to distribute in violation of G. L. c. 94C, § 32 (*a*), and was sentenced to M.C.I., Walpole, for a term of three to five years, concurrent with the sentence for violation of G. L. c. 94C, § 32E. The reported questions raise no issues concerning this conviction and sentence, and we therefore do not reach any issue as to this conviction. It is also not clear whether this indictment is based on the same conduct or different conduct from the indictment under G. L. c. 94C, § 32E (*c*), par. 3. *Kuklis* v. *Commonwealth,* 361 Mass. 302, 307-308 (1972).

Marrone does not challenge the validity of his conviction.[3] The reported questions are directed solely at the validity of the sentence imposed.[4]

In urging this court to uphold the sentence, the Commonwealth argues that we should construe G. L. c. 94C, § 32E (c), par. 3, see note 1, *supra,* as containing the word "minimum," thus establishing a "mandatory [minimum] term of fifteen years." The Commonwealth also urges that par. 3 should be construed so as to contain an implied maximum term of life. *Commonwealth* v. *Logan,* 367 Mass. 655 (1975). The Commonwealth asserts that such a construction is consistent with G. L. c. 279, § 24, see note 6, *infra,* which requires a minimum and maximum to be fixed for each State prison term, and with *Commonwealth* v. *Logan, supra.*

The short answer to the Commonwealth's argument is that G. L. c. 94C, § 32E (c), par. 3, does not contain the word "minimum." Hence, it would be sheer conjecture on our part to conclude that the Legislature meant the fifteen-year term to be either the maximum term or the minimum term. "Plain omissions in the law to provide for exigencies which may arise cannot be supplied by *those charged with administering the law or by the courts in construing and interpreting the statutes*" (emphasis supplied). *Thacher* v. *Secretary of the Commonwealth,* 250 Mass. 188, 190-191

---

[3] At trial, Marrone appears to have raised the issue whether the mixture of 200 grams or more, under G. L. c. 94C, § 32E (c), par. 3, must be a mixture containing at least 200 grams of morphine, opium, or any salt, isomer, or salt of an isomer thereof, including heroin, and not a mixture of 200 grams or more containing such substance, irrespective of the quantity. Since none of the reported questions concerned the substantive offense, we do not reach or decide any issues concerning that portion of the statute.

[4] The questions as phrased in the report raise general issues of law concerning discretion in sentencing, the availability of M.C.I., Concord, as a sentencing alternative, and parole eligibility. The questions reported do not arise directly from the case. See Mass. R. Crim. P. 34, 378 Mass. 905 (1979). We therefore have reframed the issues in an effort to answer the basic question of law raised by the report, namely, the validity of the sentence imposed on Marrone pursuant to G. L. c. 94C, § 32E (c), par. 3.

(1924). See *Commonwealth* v. *Vickey,* 381 Mass. 762, 765 (1980); *Commonwealth* v. *Gove,* 366 Mass. 351, 354 (1974). See also *Morse* v. *Boston,* 253 Mass. 247, 252 (1925).[5]

We conclude that the judge erred in construing the fifteen-year term in par. 3 of § 32E (c) as a minimum term. He also erred in concluding that he had authority to set a maximum term of twenty years. We "will not interpret a . . . criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the Legislature] intended." *Ladner* v. *United States,* 358 U.S. 169, 178 (1958). *Bifulco* v. *United States,* 447 U.S. 381, 387 (1980). *Commonwealth* v. *Crosscup,* 369 Mass. 228, 234 (1975). Therefore, the minimum and maximum State prison terms imposed on Marrone must be vacated.

On remand, we think that the judge should sentence the defendant in accordance with G. L. c. 94C, § 32E (*c*), rather than par. 3 of that section. In reaching our conclusion, we necessarily reject the Commonwealth's suggestion that par. 3 should be construed as an implied repeal of G. L. c. 279, § 24.[6]

A reading of St. 1980, c. 436, § 4, indicates that the vast majority of the 1980 provisions for drug related offenses are consistent with G. L. c. 279, § 24, and require the judge to fix a minimum and maximum term for each State prison sentence. See, e.g., G. L. c. 94C, § 32A (*a*) (not less than

---

[5] If we were to supply the omitted word "minimum," there would be a serious question of separation of powers. "[I]t is for the Legislature to establish criminal sanctions and, as one of its options, it may prescribe a mandatory minimum term of imprisonment." *Commonwealth* v. *Jackson,* 369 Mass. 904, 922 (1976).

[6] General Laws c. 279, § 24, provides: "If a convict is sentenced to the state prison, except for life or as an habitual criminal, the court shall not fix the term of imprisonment, but shall fix a maximum and a minimum term for which he may be imprisoned. The maximum term shall not be longer than the longest term fixed by law for the punishment of the crime of which he has been convicted, and the minimum term shall not be less than two and one half years."

one year nor more than ten years); § 32B (*a*) (not less than one and one-half years nor more than three years); § 32E (*b*) (not less than three years nor more than ten years); and § 32E (*c*) (not less than five years nor more than fifteen years). Thus we conclude that St. 1980, c. 436, § 4, did not repeal by implication G. L. c. 279, § 24.

Further, since 1895[7] (St. 1895, c. 504, § 1), statutes setting forth State prison penalties for criminal conduct have required the judge to set the minimum and maximum terms of imprisonment. Even if we were not "loath to find that a prior statute has been superseded in whole or in part in the absence of express words to that effect or of clear implication," *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds,* 382 Mass. 580, 585 (1981), we do not think that the Legislature would repeal by implication the Commonwealth's basic sentencing structure.[8]

The vice in all the Commonwealth's arguments is that they require us to resolve an ambiguity in a criminal statute in favor of the Commonwealth. "[O]rdinary rules of statutory construction require us to construe any criminal statute strictly against the Commonwealth." *Aldoupolis* v. *Commonwealth,* 386 Mass. 260, 267, cert. denied, 459 U.S. 864 (1982), quoting *Commonwealth* v. *Devlin,* 366 Mass. 132, 137-138 (1974). Since "[t]he words of a criminal statute must be such as to leave no reasonable doubt as to its meaning or the intention of the legislature," 3 C. Sands, Sutherland Statutory Con-

---

[7] Prior to St. 1895, c. 504, § 1, the judge established the duration of a State prison sentence within the time limits set by the Legislature for the particular crime. The Legislature also established the minimum term for which persons could be sent to State prison. See, e.g., Rev. Sts. c. 139, § 9 (1836) (one year); Gen. Sts. c. 174, § 17 (1860) (one year); St. 1880, c. 15, § 1 (three years); Pub. Sts. c. 215, § 20 (1882) (three years).

[8] The Commonwealth also contends that the defendant is serving a flat fifteen-year sentence. We reject that argument because the judge imposed an indeterminate sentence (i.e., a maximum and a minimum) as required by G. L. c. 279, § 24. Determinate sentences in this Commonwealth are confined to M.C.I., Concord. G. L. c. 279, § 33.

struction § 59.04, at 13 (4th ed. 1974), we hold that par. 3 of § 32E (c) is invalid.

Because par. 3 merely enhances the penalty for violation of § 32E (c), we conclude that Marrone still may be sentenced pursuant to the general provisions of G. L. c. 94C, § 32E (c). "Whenever various portions of a statute have independent force, thus justifying the inference that the enacting body would have passed one without the other, this court will uphold the remainder of the enactment after the offending portion has been struck." *Del Duca* v. *Town Adm'r of Methuen*, 368 Mass. 1, 13 (1975).

The sentence is vacated, and the case is remanded to the Superior Court for resentencing consistent with this opinion.

*So ordered.*