COMMONWEALTH *vs.* GREGORY LIGHTFOOT.

Suffolk.  February 7, 1984. — April 23, 1984.

Present: WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Statute,* Construction, Supersedure. *Practice, Criminal,* Sentence. *Deriving Support from Prostitution.*

Provisions of G. L. c. 272, § 7, prescribing the penalty for deriving support from the earnings of prostitution, were interpreted by this court to permit a judge to impose a sentence of imprisonment for not less than two years nor more than five years and, if he imposed a sentence of less than two and one-half years, to order that the sentence be served in a correctional institution other than the State prison; as so interpreted, the provisions were neither unconstitutionally vague, nor disharmonious with G. L. c. 279, § 24.  [720-722]

INDICTMENT found and returned in the Superior Court Department on February 16, 1982.

A question of law was reported by *McGuire, J.*  The Supreme Judicial Court ordered direct review on its own initiative.

*Joseph M. Flak (Roger Witkin* with him) for the defendant.

*Paul J. McCallum,* Legal Assistant to the District Attorney (*Michael J. Traft,* Assistant District Attorney, with him) for the Commonwealth.

NOLAN, J.  A grand jury indicted the defendant, Gregory Lightfoot, for deriving support and maintenance from and sharing in the earnings and proceeds of a female prostitute, in violation of G. L. c. 272, § 7, as amended through St. 1980, c. 409.  The defendant filed a motion to dismiss the indictment in which he asserted that G. L. c. 272, § 7,[1] is "impermissibly

---

[1] General Laws c. 272, § 7, as amended through St. 1980, c. 409, provides: "Whoever, knowing a person to be a prostitute, shall live or derive support or maintenance, in whole or in part, from the earnings or proceeds of his prostitution, from moneys loaned, advanced to or charged against him by any keeper or manager or inmate of a house or other place where prostitution

ambiguous and unconstitutionally vague." The trial judge hearing the motion ruled that the question of law raised by the defendant is so "important" as to "require the decision of the Appeals Court" and he reported it.[2] See Mass. R. Crim. P. 34, 378 Mass. 905 (1979). We transferred the case to this court on our own motion. G. L. c. 211A, § 10 (A). We hold that the penalty provisions of G. L. c. 272, § 7, are constitutional.

The defendant contends that G. L. c. 272, § 7, is unconstitutionally vague and ambiguous because its provisions are in conflict with the clear mandate of G. L. c. 279, § 24.[3] First, he argues that the first paragraph of G. L. c. 272, § 7, which states that a person convicted under the statute's provisions "shall be punished by imprisonment in the state prison for a period of five years and by a fine of five thousand dollars," appears to preclude the exercise of judicial discretion in sentencing. This, he claims conflicts with the provisions of G. L. c. 279, § 24, which prohibits a judge from fixing the term of a sentence to the State prison and commands a judge to "fix a maximum and a minimum term." The defendant also asserts

is practiced or allowed, or shall share in such earnings, proceeds or moneys, shall be punished by imprisonment in the state prison for a period of five years and by a fine of five thousand dollars.

"The sentence of imprisonment imposed under this section shall not be reduced to less than two years, nor suspended, nor shall any person convicted under this section be eligible for probation, parole, or furlough or receive any deduction from his sentence for good conduct or otherwise until he shall have served two years of such sentence. Prosecutions commenced under this section shall not be continued without a finding nor placed on file."

[2] The trial judge reported the following question: "(1) Does § 7 of chapter 272 supersede § 24 of chapter 279? If, yes: (a) Does [paragraph] 2 of § 7 apply to a judge revising a sentence pursuant to Mass. R. Crim. P. 29? If, no: (b) Does the 'period of five years' in § 7 constitute 'the longest term fixed by law for the punishment of the crime' of § 24?"

[3] General Laws c. 279, § 24, provides: "If a convict is sentenced to the state prison, except for life or as an habitual criminal, the court shall not fix the term of imprisonment, but shall fix a maximum and a minimum term for which he may be imprisoned. The maximum term shall not be longer than the longest term fixed by law for the punishment of the crime of which he has been convicted, and the minimum term shall not be less than two and one half years."

that the second paragraph of G. L. c. 272, § 7, which provides for a two-year sentence in the State prison, conflicts with G. L. c. 279, § 24, which provides that the minimum term which can be served in the State prison is two and one-half years. Finally, the defendant argues that these inconsistencies render the statute unconstitutionally vague and ambiguous.

The Commonwealth suggests that the Legislature intended the following penalty scheme: a sentence of not less than two nor more than five years in the State prison and a $5,000 fine. Any sentence imposed which is less than two and one-half years, the argument continues, should be served in a correctional institution other than the State prison. The judge in his report suggested an alternative interpretation. His suggestion requires that we interpret G. L. c. 272, § 7, as an implied repeal of G. L. c. 279, § 24.

The language of G. L. c. 272, § 7, admittedly creates an ambiguity when read in light of G. L. c. 279, § 24. However, "[w]e may look to outside sources to determine the meaning of a statute whose language is unclear." *Commonwealth* v. *Gagnon,* 387 Mass. 567, 569 (1982). When determining whether a criminal statute is unconstitutionally vague, we must construe the statute strictly against the Commonwealth. *Id.* Any reasonable doubt remaining as to the meaning of the statute or the intent of the Legislature after investigation of outside sources must be resolved in favor of a defendant. *Id.*

However, we agree with the Commonwealth and conclude that G. L. c. 272, § 7, can be read consistently with G. L. c. 279, § 24, thereby eliminating any reasonable doubt as to its meaning. "[W]here two or more statutes relate to the same subject matter, they should be construed together so as to constitute an harmonious whole consistent with the legislative purpose." *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds,* 382 Mass. 580, 585 (1981). Statutory language is the principal source of insight into Legislative purpose. *Hoffman* v. *Howmedica, Inc.,* 373 Mass. 32, 37 (1977). The clear intent of the Legislature in

amending G. L. c. 272, § 7, by St. 1980, c. 409, was to increase the penalty provisions for the crime of deriving support and maintenance from a prostitute. This we imply from the title of the act, "An Act increasing the penalty for a so-called pimp or purveyor," St. 1980, c. 409, and from the obvious increase in penalty from a maximum sentence of three years to a maximum sentence of five years and a fine increased from $1,000 to $5,000. Therefore, the words of the statute must be considered with this purpose in mind. *Registrar of Motor Vehicles, supra.*

We conclude that G. L. c. 272, § 7, directs a trial judge to "fix a maximum and a minimum term" in conformity with the mandate of G. L. c. 279, § 24. The first paragraph does not include the word "mandatory." The statute merely states that the judge "shall" impose a five-year sentence and a $5,000 fine. We decline to interpret this as precluding judicial discretion in sentencing, especially in the absence of the word "mandatory." See *Commonwealth* v. *Marrone,* 387 Mass. 702, 704 (1982). Immediately following this paragraph, the statute dictates that the five-year sentence cannot be reduced to less than two years. This indicates the minimum sentence which a judge may impose. The following portion of the second paragraph reveals that a two-year sentence must be served because it cannot be suspended. Nor can the defendant receive probation, parole, furlough, or a deduction from his sentence for good conduct or otherwise. We believe that the Legislature chose this particular format to reflect its desire to ensure a two-year mandatory minimum sentence.

Moreover, we disagree with the defendant that an inconsistency exists between G. L. c. 272, § 7, which provides for a two-year sentence in State prison, and G. L. c. 279, § 24, which provides that the minimum term which can be served in the State prison is two and one-half years. "In making the crime punishable by a sentence to State prison, the Legislature has placed offenders on notice that transgression of the statute . . . is a felony." *Commonwealth* v. *Dupree,* 16 Mass. App. Ct. 600, 605 (1983) (interpreting a similar inconsistency between G. L. c. 94C, § 32A [a], and G. L. c. 279, § 24). The

reference to State prison "may well indicate the Legislature's use of the statutory shorthand for a felony, rather than an intent to preclude a Concord sentence." *Commonwealth* v. *Hayes,* 372 Mass. 505, 511 (1977).

In *Commonwealth* v. *Graham,* 388 Mass. 115, 123 (1983), we addressed the issue whether the District Court had jurisdiction to sentence a defendant convicted under G. L. c. 272, § 7, to correctional facilities other than the State prison.[4] We concluded that the Legislature could not have intended that those convicted under G. L. c. 272, § 7, could only be sent to the State prison, so as to deprive a District Court of jurisdiction. *Id.* Similarly, in the instant case, we conclude that the Legislature could not have intended that those convicted under G. L. c. 272, § 7, who receive a sentence of less than two and one-half years, must serve such sentence in the State prison.

Furthermore, we decline to adopt the judge's suggestion that G. L. c. 272, § 7, operates as an implied repeal of G. L. c. 279, § 24. "The longstanding test for the principle of implied repeal is whether the prior statute is so repugnant to, and inconsistent with, the later enactment that both cannot stand." *Commonwealth* v. *Graham, supra* at 125. "We are loath to find that a prior statute has been superseded in whole or in part in the absence of express words to that effect or of clear implication." *Registrar of Motor Vehicles* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds,* 382 Mass. 580, 585 (1981). We need not find that the Legislature impliedly repealed G. L. c. 279, § 24, in order to construe the punishment provision in G. L. c. 272, § 7, meaningfully. "[W]e do not think that the Legislature would repeal by implication the Commonwealth's basic sentencing structure." *Commonwealth* v. *Marrone,* 387 Mass. 702, 706 (1982). We conclude that a trial judge, when imposing a sentence for less than two and one-half years, may sentence violators to correctional facilities other than State prison.

We answer the reported question 1 in the negative. We therefore need not answer 1 (a), which assumes an affirmative response to question one. We answer 1 (b) in the affirmative.

---

[4] General Laws c. 218, § 27, provides that District Courts "may impose the same penalties as the superior court for all crimes of which they have jurisdiction, except that they may not impose a sentence to the state prison."