COMMONWEALTH *vs.* ISMAEL M. ROSA.
(and a companion case[1]).

Bristol.  April 25, 1984. — June 11, 1984.

Present: DREBEN, HALE, & SMITH, JJ.

*Practice, Criminal,* Sentence.

On rehearing, this court directed that two defendants, who had been con-
victed of trafficking in heroin and had originally been sentenced under
the invalid penalty provisions of clause 1 of G. L. c. 94C, § 32E (*c*),
as appearing in St. 1980, c. 436, § 4, were to be resentenced under the
general penalty provisions of § 32E (*c*), as so appearing, to terms of
imprisonment not exceeding five years. [247-248]

INDICTMENTS found and returned in the Superior Court De-
partment on August 24 and September 15, 1981, respectively.

Following its decision in 17 Mass. App. Ct. 495 (1984),
the Appeals Court granted a rehearing.

*Daniel E. Callahan* for Ismael M. Rosa.

*Kenneth G. Littman* for Ramon Rojas.

*Phillip L. Weiner,* Assistant District Attorney, for the Com-
monwealth.

HALE, J.  Following the issuance of our opinion in *Common-
wealth* v. *Rosa,* 17 Mass. App. Ct. 495 (1984), the defendants
requested a rehearing as to whether under *Commonwealth* v.
*Bongarzone,* 390 Mass. 326 (1983), our order for resentencing
was correct. A rehearing was held. We agree with the defend-
ants that our order they be sentenced under the general provi-
sions of G. L. c. 94C, § 32E(*c*), inserted by St. 1980, c. 436,
§ 4 (which was held valid in *Commonwealth* v. *Marrone,* 387
Mass. 702 [1982]), subjected them to a potential sentence of
from five to fifteen years. Under our decision as written this

---

[1] Commonwealth *vs.* Ramon Rojas.

could result in resolving the ambiguity in § 32E(*c*)(1) (whether the mandatory five-year term in clause 1 is a maximum or minimum term) against the defendants. This is so because under G. L. c. 279, § 24, sentence to State prison shall be indeterminate with only the minimum and maximum terms fixed. (We were informed at the argument on rehearing that it has happened in the case of Rojas who was, in resentencing, awarded a five to seven year term.) There can be no question, however, that a person "trafficking in heroin" as defined in § 32E(*c*) would be on notice that he would at least be subject to a sentence of not more than five years for a violation which comes within the ambit of clause 1 of § 32E(*c*). See *Commonwealth* v. *Lightfoot,* 391 Mass. 718, 721 (1984). Under G. L. c. 279, § 31, as appearing in St. 1955, c. 770, § 99, with a limitation we understand is not applicable here, a person convicted of a crime punishable by imprisonment "in any correctional institution" (and M.C.I. Walpole is one) may be sentenced to M.C.I. Concord for an indefinite term. See *Commonwealth* v. *Hayes,* 372 Mass. 505, 511 (1977). That sentence can be set so as not to exceed five years. See G. L. c. 279, § 33.

The defendants are to be allowed thirty days from the date of this decision on rehearing within which to move in the Superior Court to vacate any sentence exceeding five years imposed pursuant to our original opinion in these cases. Such a motion or motions, if timely filed, shall be allowed and a new sentence or sentences of imprisonment not exceeding five years shall be imposed. A rescript shall issue forthwith.

*So ordered.*