## COMMONWEALTH *vs*. RICHARD CHRIS BERTE.

No. 01-P-129.

Hampshire. September 18, 2002. - January 8, 2003.

Present: GREENBERG, SMITH, & GELINAS, JJ.

*Home Invasion. Armed Home Invasion. Constitutional Law,* Vagueness of statute. *Statute,* Construction. *Practice, Criminal,* Sentence, Trial by jury, Waiver of trial by jury. *Waiver.*

This court concluded that G. L. c. 265, § 18C, the home invasion statute, was not unconstitutionally vague because of infirmities in its penalty section, where the apparently determinate language in the statute was simply another format for stating the maximum and minimum sentencing range, the statute did not permit suspended sentences for first-time offenders, and the statute was not inconsistent in its probation provisions; however, because the judge in a criminal action under the statute sentenced the defendant to a maximum term of twenty years and a day, exceeding her authority under the statute, this court remanded the case for resentencing on this count. [31-34]

A criminal defendant's waiver of his right to a jury trial was knowingly and intelligently made, and the fact that the judge reconsidered a representation made to the defendant prior to his waiver regarding the minimum sentence that could be imposed did not change the nature of the defendant's waiver, because the statutory minimum sentence would have been the same regardless of the defendant's choice to proceed without a jury. [34-35]

INDICTMENT found and returned in the Superior Court Department on August 10, 1999.

The case was heard by *Constance M. Sweeney*, J.

*Wendy H. Sibbison* for the defendant.

*Judith Ellen Pietras*, Assistant District Attorney, for the Commonwealth.

GREENBERG, J. The defendant, Richard Chris Berte, was indicted for home invasion committed with a firearm (G. L. c. 265, § 18C), armed robbery (G. L. c. 265, § 17), and

conspiracy to distribute a class B drug (G. L. c. 94C, § 40).[1] After a jury-waived trial, a Superior Court judge found him guilty of armed home invasion and armed robbery, and acquitted him of the drug conspiracy charge. The judge sentenced the defendant to twenty years to twenty years and a day in State prison on the home invasion charge, and a concurrent sentence of eighteen to twenty years for the armed robbery.

The principal issue on appeal is whether G. L. c. 265, § 18C, the home invasion statute, is unconstitutional on its face because of various infirmities in its penalty section.[2] See *Commonwealth v. Brown,* 431 Mass. 772, 779-781 (2000). Prior to 1998, which was the year of the statute's amendment, G. L. c. 265, § 18C, inserted by St. 1993, c. 333, permitted a sentencing judge to impose, upon conviction of armed home invasion, an indeterminate sentence "in the state prison for life or for any term of not less than twenty years."

By St. 1998, c. 180, § 57, a twenty-year sentence in the State prison was added to the sentencing scheme for those offenders who commit the crime "while being armed with a firearm, shotgun, rifle, machine-gun, or assault weapon." Mindful that the Supreme Judicial Court had identified serious problems with the amendment in the *Brown* case,[3] the defendant contends, as he did prior to his sentencing in the Superior Court, that the

---

[1]A fourth charge, for armed assault in a dwelling in violation of G. L. c. 265, § 18A, was nol prossed.

[2]The statute provides in pertinent part: "Whoever knowingly enters the dwelling place of another knowing or having reason to know that one or more persons are present within or knowingly enters the dwelling place of another and remains in such dwelling place knowing or having reason to know that one or more persons are present within while armed with a dangerous weapon, uses force or threatens the imminent use of force upon any person within such dwelling place whether or not injury occurs, or intentionally causes any injury to any person within such dwelling place shall be punished by imprisonment in the state prison for life or for any term of not less than twenty years. *Whoever commits said crime while being armed with a firearm, shotgun, rifle, machine-gun, or assault weapon shall be punished by imprisonment in the state prison for 20 years. Said sentence shall not be reduced to less than ten years nor shall the person convicted be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct.*" G. L. c. 265, § 18C (emphasis supplied).

[3]In the *Brown* case, the Supreme Judicial Court did not reach the precise questions raised here because the defendant was not convicted of home invasion while being armed with a firearm. However, in dicta, the court pointed

penalty scheme under which he was tried and convicted is facially unlawful and unconstitutionally vague and ambiguous. First, the defendant argues that the statute's twenty-year fixed term for the aggravated home invasion portion of the statute conflicts with G. L. c. 279, § 24.[4] Second, he claims that it inconsistently also mandates a ten-year minimum sentence.[5] Third, the defendant argues that the statute runs counter to G. L. c. 127, § 133, because it allegedly permits a partial suspended sentence for first-time offenders.[6] Fourth, the defendant submits that the statute inconsistently provides for and prohibits probation. There is an ancillary argument that because the judge had agreed prior to trial that the minimum sentence on the home invasion charge was ten years (rather than the twenty-year minimum pursuant to which the defendant was sentenced), the defendant's waiver of his right to a jury trial was not knowing or intelligent.

1. *Vagueness challenge.* "A facial challenge to the constitutional validity of a statute is the weakest form of challenge, and the one that is the least likely to succeed. A statute so questioned is presumed constitutional. A court may interpret a statute to set forth considerations to clarify and specify, and, where necessary, to narrow, the statute's terms in order that it may be held constitutional." *Blixt* v. *Blixt*, 437 Mass. 649, 652 (2002) (citations omitted).

---

out significant problems with the sentencing portion of the amended statute. See *Commonwealth* v. *Brown*, 431 Mass. 772, 780-781 (2000) (speculating that problems were result of legislative oversight and therefore not remediable by courts).

[4]General Laws c. 279, § 24, provides: "If a convict is sentenced to the state prison, except for life or as an habitual criminal, *the court shall not fix the term of imprisonment, but shall fix a maximum and a minimum term for which he may be imprisoned.* The maximum term shall not be longer than the longest term fixed by law for the punishment of the crime of which he has be[en] convicted, and the minimum term shall be a term set by the court, except that, where an alternative sentence to a house of correction is permitted for the offense, a minimum state prison term may not be less than one year." (Emphasis supplied.)

[5]The portion of the statute on which the defendant relies is the third sentence of the amended statute, which states, "[s]aid sentence shall not be reduced to less than ten years." G. L. c. 265, § 18C.

[6]General Laws c. 127, § 133, provides in part, "Sentences of imprisonment in the state prison shall not be suspended in whole or in part."

(a) The apparently determinate sentence language employed here has been construed before. In *Commonwealth* v. *Lightfoot*, 391 Mass. 718, 721 (1984), the court, interpreting G. L. c. 272, § 7, explained that in the absence of the word "mandatory," a statutory imperative that the judge " 'shall' impose a five-year sentence" does not preclude judicial discretion in sentencing. Contrast *Commonwealth* v. *Marrone*, 387 Mass. 702, 704-707 (1982) (portion of statute requiring "mandatory term of fifteen years" held invalid as violation of G. L. c. 279, § 24). This is so particularly in light of the next sentence in the statute in the *Lightfoot* case, which states that the five-year sentence cannot be reduced to less than two years. See *Commonwealth* v. *Lightfoot, supra*. The court in *Lightfoot* explained, "This indicates the minimum sentence which a judge may impose. The following portion of the second paragraph reveals that a two-year sentence must be served because it cannot be suspended. Nor can the defendant receive probation, parole, furlough, or a deduction from his sentence for good conduct or otherwise. We believe that the Legislature chose this particular format to reflect its desire to ensure a two-year mandatory minimum sentence." *Ibid.*

The sentencing structure at issue here mirrors that illustrated in *Lightfoot*, and we interpret it the same way, that is, as simply another format for stating the minimum and maximum sentencing range. Because the judge sentenced the defendant to a maximum term of twenty years *and a day*, she exceeded her authority under the statute.

The incongruity of this result is not lost on us, and we cannot fault the judge for her error. The dicta in *Commonwealth* v. *Brown, supra* at 780-781, seemingly contradicts the holding in *Lightfoot* by characterizing this statutory language as a single-term penalty of twenty years and a prohibition against reduction to less than ten years when the applicable good conduct and parole procedures already made such a reduction impossible.

Following *Brown*, the judge attempted to sentence the defendant to the twenty-year term she believed the statute required while saving the sentence from conflict with G. L. c. 279, § 24, by adding the maximum term of twenty years and a day. This sentence is identical to that upheld in *Brown*, see *id.*

at 781; however, the defendant in *Brown* was subject to that portion of the statute dealing with armed home invasion accomplished with a weapon other than a firearm, for which the statutory sentencing range is twenty years to life, see *id.* at 773, rather than the portion covering armed home invasion with a firearm.

As the court noted in *Brown,* the 1998 amendment imposes a significantly lesser sentence (ten to twenty years, rather than twenty years to life) on what is intuitively a more serious crime (armed home invasion with a firearm, rather than with some presumably less dangerous weapon). While we might believe this to be indicative of legislative oversight, see *id.* at 781, the language of the statute is clear, see *id.* at 780 n.12, and we "will not interpret a . . . criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the Legislature] intended." *Commonwealth* v. *Marrone, supra* at 705, quoting from *Ladner* v. *United States,* 358 U.S. 169, 178 (1958). "We are not free to ignore or to tamper with that clear expression of legislative intent. If the law is to be changed, the change can only be made by the Legislature." *Commonwealth* v. *Villalobos,* 437 Mass. 797, 804 (2002), quoting from *Commonwealth* v. *Jones,* 417 Mass. 661, 664 (1994).

(b) The defendant's claims regarding § 18C's inconsistent provision of suspended sentences and probation are unavailing. Although we agree that the statute appears to countenance partial suspended sentences for first time offenders,[7] G. L. c. 127, § 133, states that "[s]entences of imprisonment in the state prison shall not be suspended in whole or in part." Because we read statutes relating to the same subject matter as "an harmonious whole," *Commonwealth* v. *Smith,* 431 Mass. 417, 424 (2000), quoting from *Board of Educ.* v. *Assessor of Worcester,* 368 Mass. 511, 513-514 (1975), we conclude that § 18C cannot be so interpreted. The statute does not state that first time offenders may receive suspended sentences, and we will not read it to imply such a provision.

---

[7]"The sentence imposed upon a person who, after having been convicted of violating any provision of this section, commits a second or subsequent offense under the provisions of this section shall not be suspended or placed on probation." G. L. c. 265, § 18C.

(c) The defendant's assertions that the statute is inconsistent in its probation provisions also fail. The statute begins by prohibiting probation, goes on to prohibit probation for anyone over the age of seventeen, and concludes by prohibiting probation for repeat offenders.[8] At first glance, nothing more seems to be happening than a prohibition of probation, but the defendant claims that the additional provisos seem to allow probation in certain circumstances. We encourage the Legislature to examine this part of the statute and amend it if our interpretation does not comport with its intention, but we determine that the only rule to be gleaned from the statute as written is that probation is prohibited. It may not apply to those over age seventeen, nor to those who have committed a second offense under the statute, nor to anyone who is convicted of violating this law. See *Commonwealth* v. *Villalobos, supra.*

2. *Waiver of jury trial.* We need not dwell at length on the question whether the record demonstrates affirmatively that the defendant's jury waiver was "knowingly and intelligently" made. See generally *Commonwealth* v. *Dietrich*, 381 Mass. 458, 460-461 (1980), citing *Schneckloth* v. *Bustamonte*, 412 U.S. 218, 237-238 (1973). The judge in the instant case advised the defendant of the right to a jury trial and of the consequences that result when a bench trial takes place. The defendant executed and filed a written waiver pursuant to G. L. c. 263, § 6, and prior to signing the waiver, the judge engaged the defendant in a thorough colloquy concerning his decision. See *Commonwealth* v. *Hardy*, 427 Mass. 379, 382 (1988).

Without citation to any authority, the defendant claims that the colloquy nevertheless was deficient because the judge informed him that the minimum sentence under the armed home invasion charge was ten years, only to reconsider and determine, post-waiver, that the minimum was twenty years. The defendant's argument fails, however, because the statutory minimum

---

[8]"[N]or shall the person convicted be eligible for probation . . . . The provisions of section 87 of chapter 276 relative to the power of the court to place certain offenders on probation shall not apply to any person 17 years of age or over charged with a violation of this subsection. The sentence imposed upon a person who . . . commits a second or subsequent offense under the provisions of this section shall not be suspended or placed on probation." G. L. c. 265, § 18C.

sentence would be the same regardless of his choice to proceed without a jury. Confusion and misinformation regarding the statutory minimum sentence does not impair the knowing and intelligent nature of the defendant's waiver of his right to a jury trial, because the two are not related issues.

The defendant claims that the judge would have penalized him had he exercised his right to a jury trial, and that the judge in this case determined that an understanding of the minimum punishment on this charge was a precondition to the defendant's voluntary waiver. There is no support in the record for either claim.

The convictions for home invasion committed with a firearm and for armed robbery, and the sentence on the conviction for armed robbery, are affirmed. The sentence on the conviction for home invasion committed with a firearm is vacated, and the case is remanded for resentencing on this count with a maximum sentence not to exceed twenty years, and a minimum sentence of ten years imprisonment.

*So ordered.*