COMMONWEALTH *vs.* RICHARD SEMEGEN.

No. 06-P-1688.

Bristol. October 4, 2007. - August 29, 2008.

Present: KANTROWITZ, BROWN, & GREEN, JJ.

*Firearms. Practice, Criminal,* Sentence. *Statute,* Construction.

This court interpreted the sentencing provisions of G. L. c. 269, § 10(*m*), to require, inter alia, a minimum sentence of two and one-half years for a criminal defendant who pleaded guilty to indictments charging unlawful possession of a large capacity firearm without a firearm identification card. [479-482] GREEN, J., concurring.

INDICTMENT found and returned in the Superior Court Department on September 1, 2005.

A motion for relief pursuant to Mass.R.Crim.P. 13(c) was heard by *David A. McLaughlin,* J.

*Rachel J. Eisenhaure,* Assistant District Attorney, for the Commonwealth.

*Francis M. O'Boy* for the defendant.

BROWN, J. The defendant was indicted on several counts of possessing a large capacity firearm[1] (indictment number BRCR 2005-00946-1), in violation of G. L. c. 269, § 10(*m*), and one count of possessing ammunition without a firearm identification (FID) card (indictment number BRCR 2005-00946-2), in violation of G. L. c. 269, § 10(*h*). Prior to pleading guilty, the defendant moved for relief pursuant to Mass.R.Crim.P. 13(c), as appearing in 442 Mass. 1517 (2004), arguing that the sentencing provisions of G. L. c. 269, § 10(*m*), are ambiguous and contradictory. After a hearing, that motion was allowed. The defendant then entered a plea of guilty on all counts and was sentenced.

[1]As defined in G. L. c. 140, § 121.

On the counts pertaining to the first offense, the defendant was sentenced to a term of not less than one year and not more than one year and one day. On the second offense, the defendant was sentenced to three years of probation to commence from and after the defendant's release from incarceration on the first offense.[2] The Commonwealth's appeal ensued.

General Laws c. 269, § 10(*m*), inserted by St. 1998, c. 180, § 70, provides in pertinent part that:

> "any person . . . who knowingly has in his possession . . . a large capacity weapon . . . who does not possess a valid . . . license to carry firearms . . . shall be punished by imprisonment in a state prison for not less than two and one-half years nor more than ten years. The possession of a valid firearm identification card issued under section 129B shall not be a defense for a violation of this subsection; provided, however, that any such person charged with violating this paragraph and holding a valid firearm identification card shall not be subject to any mandatory minimum sentence imposed by this paragraph. The sentence imposed upon such person shall not be reduced to less than one year, nor suspended, nor shall any person convicted under this subsection be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct until he shall have served such minimum term of such sentence . . . ."

The defendant contends that the sentencing provisions of § 10(*m*) are hopelessly ambiguous and, as a result, he is entitled to application of the so-called "rule of lenity," see *Commonwealth* v. *Carrion*, 431 Mass. 44, 45-46 (2000), with the result that the minimum sentence that may be imposed on the defendant is the minimum term of *imprisonment* described in the third sentence of § 10(*m*), viz., one year ("[t]he sentence imposed upon such person shall not be reduced to less than one year"), as opposed to the two and one-half year minimum sentence described in the first sentence ("shall be punished by imprisonment in a state prison for not less than two and one-half years"). We disagree.

---

[2]No party has appealed from the conviction or sentence relating to this indictment.

Without question, this statute is no grammatical paragon.[3] However, that fact does not relieve us of the burden of applying the traditional rules of statutory construction in our interpretation of the provision. Of particular relevance here is the principle requiring us, if at all possible, to give effect to all the words of a statute, assuming none to be superfluous. See *Commonwealth* v. *Shea*, 46 Mass. App. Ct. 196, 197 (1999). Likewise, where possible, we must seek to harmonize the provisions of any statute with related provisions where they are part of a single statutory scheme. See *Commonwealth* v. *Hampe*, 419 Mass. 514, 518 (1995).

Mindful of these precepts, we conclude that § 10(*m*) must be interpreted as follows. In general, a person convicted under § 10(*m*) who, at the time of the offense, did not possess a valid FID card, must be sentenced to a minimum sentence of two and one-half years in a State prison, but not more than ten years. Further, by its express terms, and consistent with G. L. c. 127, § 133, the so-called "truth in sentencing act," no portion of any sentence imposed under § 10(*m*) may be suspended.[4] Finally, a person so convicted under § 10(*m*) must serve a minimum term of imprisonment in a State prison of not less than one year, and that term may not be reduced by any means, including (but not limited to)

---

[3]We would be remiss if we failed to acknowledge the degree of difficulty presented to trial judges when called upon to interpret this statute.

[4]Our conclusion in this regard is based on the disjunctive use of the phrase "nor suspended" in the third sentence of G. L. c. 269, § 10(*m*). The language in § 10(*m*) regarding the minimum term of imprisonment is essentially boilerplate, used in precisely the same form for many years, in many different criminal statutes long before the enactment of G. L. c. 127, § 133. See, e.g., *Commonwealth* v. *Jackson*, 369 Mass. 904, 905 n.1 (1976). It thus would not be reasonable to conclude that the sentencing provisions of § 10(*m*) could have been intended by the Legislature to modify in any way the operation of § 133. Indeed, fairly read, the two are harmonious; both prohibit suspended sentences altogether and the minimum term of imprisonment imposed by § 10(*m*) is included within the minimum imposed by § 133 (i.e., § 10[*m*]'s "not be reduced to less than one year" does not conflict with the enhanced two and one-half year minimum term of imprisonment required by § 133). Any other interpretation of § 10(*m*) would effectively nullify § 133 as to a large number of criminal statutes containing sentencing language similar to § 10(*m*), see, e.g., G. L. c. 265, § 15B(*a*); G. L. c. 90, §§ 24(1)(*a*)(1), 24(2)(*a* ½)(2), 24G, and 24L(1); G. L. c. 269, § 10(*a*), a result that would be incompatible with our responsibility to reconcile related statutes where possible. See *Lynch* v. *Commonwealth*, 54 Mass. App. Ct. 347, 350 (2002).

those enumerated in the statute (i.e., parole, furlough, and so forth). See *Commonwealth* v. *Brown*, 431 Mass. 772, 775-777 (2000) (discussing earlier version of home invasion statute, G. L. c. 265, § 18C).[5] As for a person convicted under § 10(*m*) who, at the time of the offense, possessed a valid FID card, we express no opinion as to the sentence that may be imposed, since the defendant does not assert that he ever possessed an FID card. However, to the extent that § 10(*m*) provides that a holder of a valid FID card "shall not be subject to any mandatory minimum sentence" prescribed in the subsection, it would arguably appear that such a person could not be subject to the minimum term of imprisonment provision of § 10(*m*) either. In any event, we have no occasion to decide that issue here.

This result is consistent with our holding in *Commonwealth* v. *Haley*, 23 Mass. App. Ct. 10, 16-17 (1986), in which we concluded that the phrase "[t]he sentence imposed upon such person shall not be reduced to less than one year," as it appeared in G. L. c. 90, § 24G(*a*), did not operate to change the minimum sentence prescribed for violation of that section; rather, the phrase merely defined the minimum term of imprisonment that must be served in connection with such a sentence (i.e., the minimum term of actual incarceration). See *Commonwealth* v. *Brown*, *supra* at 776-777 (low end of sentencing range in statutes that prescribe a penalty expressed in terms of a range is "mandatory minimum sentence," not the minimum term of imprisonment). See also *Commonwealth* v. *Claudio*, 418 Mass. 103, 109 (1994). We note that the basis for imposing such a reading on § 10(*m*) is even stronger than in the statute under review in *Commonwealth* v. *Haley*. Section 10(*m*), unlike § 24G(*a*) at the time *Commonwealth* v. *Haley* was decided, after setting out both the sentencing range and the requirement of a one-year minimum term of imprisonment, goes on to state that a person convicted under

---

[5]We note that § 10(*m*), like the provision at issue in *Commonwealth* v. *Brown*, *supra*, prescribes a sentence expressed in terms of a range (two and one-half to ten years), and so complies with the requirements of G. L. c. 279, § 24, which requires that sentences to State prison be expressed in terms of a maximum and minimum penalty. Contrast *Commonwealth* v. *Hines*, 449 Mass. 183, 191 n.4 (2007) (applicable only in situations where criminal statutes do not prescribe penalty expressed in terms of a range and so conflict with the requirements of G. L. c. 279, § 24).

this section shall not be released "until he shall have served such minimum term of such sentence."[6] This construction makes it plain that the provision relating to the minimum term of imprisonment ("such minimum term") is wholly independent of the language setting out the sentencing range ("such sentence"), and so preserves the two and one-half year minimum sentence.

This construction also has the salutary effect of harmonizing § 10(m) with the over-all statutory scheme of G. L. c. 269, § 10. Had we adopted the approach urged by the defendant and concluded that, under a rule of lenity or otherwise, the third sentence of § 10(m) reduced the minimum end of the sentencing range for persons convicted under that provision to one year, it would have had the result of imposing a lesser penalty on persons convicted of possessing a large capacity weapon as opposed to those convicted of possessing an ordinary firearm, as to which the minimum sentence is two and one-half years in State prison and the minimum term of imprisonment is eighteen months. See G. L. c. 269, § 10(a). In view of the enhanced threat posed by large capacity weapons, and their concomitant stricter regulation under the statutory licensing scheme, see, e.g., G. L. c. 140, § 129B(6), such a result would be illogical.

The order allowing relief pursuant to Mass.R.Crim.P. 13(c) is reversed. As to indictment number BRCR 2005-00946-1, the convictions are affirmed and the judgment is vacated, and the matter is remanded to the Superior Court for resentencing in conformity with the foregoing opinion.

*So ordered.*

GREEN, J. (concurring). I agree with the result reached by the court, as well as the reasoning of the court's opinion. I write separately to observe that the sentencing provisions of the statute at issue in the present case suffer from much the same incoherence as formerly afflicted the home invasion statute, G. L. c. 265,

---

[6]It is worth noting that Justice Kaplan in *Commonwealth* v. *Haley* recommended precisely this additional language to improve the clarity of such statutes. *Id.* at 17. General Laws c. 90, § 24G(a), has since been amended to add this phrase. See St. 1986, c. 620, § 15.

§ 18C, prior to its amendment by St. 2004, c. 150, § 17. See *Commonwealth* v. *Brown*, 431 Mass. 772, 780-781 (2000). In particular, though the third sentence of G. L. c. 269, § 10(*m*), prohibits reduction of the two and one-half year minimum sentence prescribed by the first sentence of that section, under applicable good time and parole procedures no such reduction would be possible even in the absence of such a prohibition. Our interpretation of the statute nonetheless to require a mandatory minimum sentence of two and one-half years accordingly risks rendering the provisions of the third sentence meaningless or superfluous, in contravention of the familiar canon of construction acknowledged by the majority. See *ante* at 480.

The portion of G. L. c. 265, § 18C, added by St. 1998, c. 180, § 57, and described as "lacking in coherence" by the Supreme Judicial Court in *Commonwealth* v. *Brown, supra* at 780, was not directly at issue in that case. Three years later, in *Commonwealth* v. *Berte*, 57 Mass. App. Ct. 29 (2003), when forced to confront the provision directly, we construed the language to authorize a judge to impose a sentence of less than twenty years on a person convicted of home invasion while armed with a firearm, notwithstanding that the statute mandated a minimum sentence of twenty years for home invasion armed with a weapon other than a firearm, basing that conclusion on the principle of lenity. See *id.* at 33, quoting from *Commonwealth* v. *Marrone*, 387 Mass. 702, 705 (1982).

Despite these tensions, I join with the majority in the present case. *Commonwealth* v. *Berte, supra,* is distinguishable from the present case in that the phrasing of the portion of the home invasion statute added by the 1998 amendment did not impose a mandatory minimum.[1] In any event, "[w]hen rules of statutory construction produce conflicting results, we must discern, as closely as possible, what the Legislature intended. See *Helvering* v. *Stockholms Enskilda Bank*, 293 U.S. 84, 89 (1934) (canons of statutory construction apply to ascertain meaning of

---

[1]Unlike the sentencing language contained in the first sentence of § 10(*m*), the first sentence of the 1998 amendment to the home invasion statute purported to impose a "single-term" sentence of twenty years, language ordinarily interpreted by reference to the indeterminate sentencing statute, G. L. c. 279, § 24, to set the maximum sentence rather than the minimum. See *Commonwealth* v. *Lightfoot*, 391 Mass. 718, 718 n.1, 721 (1984).

statute, but if one canon does not effectuate purpose of statute as whole, it yields to 'the wider view in order that the will of the legislature shall not fail'); *Commonwealth* v. *Dale D.*, 431 Mass. 757, 760-761 (2000), and cases cited ('We construe statutes in accordance with the Legislature's intent and in order to effectuate the purpose of their framers')." *Commonwealth* v. *Russ R.*, 433 Mass. 515, 521 (2001). I am satisfied that (as observed by the majority) the Legislature did not intend to impose a lesser sentence on persons possessing a large capacity weapon than on those possessing an ordinary firearm, see *ante* at 482, and that any internal conflict in the phrasing of § 10(*m*) is the product of inadvertence rather than intent.[2]

---

[2]I note that, apparently in response to *Commonwealth* v. *Berte, supra*, the Legislature enacted St. 2004, c. 150, § 17, which deleted the portions of G. L. c. 265, §˙ 18C, previously described by the Supreme Judicial Court as "nonsensical," *Commonwealth* v. *Brown, supra* at 780 n.12, thereby suggesting an intent other than the result produced by the *Berte* opinion.