COMMONWEALTH vs. JACOB ZAPATA.

Suffolk. October 6, 2009. - December 23, 2009.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Supreme Judicial Court,* Superintendence of inferior courts. *Armed Home Invasion. Practice, Criminal,* Sentence, Probation. *Statute,* Construction.

This court found G. L. c. 265, § 18C, the statute prohibiting armed home invasion, to be ambiguous with respect to whether it currently permits a sentence of probation, and in light of the rule of lenity, was constrained to conclude that the statute, in its present form, allows a judge to impose a probationary sentence on a criminal defendant convicted of armed home invasion. [531-536]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on January 29, 2009.

The case was reported by *Spina,* J.

*Anne C. Pogue,* Assistant District Attorney, for the Commonwealth.

*Dana Alan Curhan* (*Arthur L. Kelly* with him) for the defendant.

BOTSFORD, J. On June 12, 2007, a grand jury indicted the defendant for attempted murder, G. L. c. 265, § 16 (count one); armed home invasion, G. L. c. 265, § 18C (count two); and five related crimes.[1] On January 6, 2009, he pleaded guilty to all charges. On count one, the attempted murder charge, the judge imposed a sentence of from five years to five years and one day in State prison. On count two, the armed home invasion charge, she sentenced the defendant to five years' probation with conditions, to follow the sentence imposed on the attempted murder charge. On the remaining counts, she imposed five-year terms of

[1]Assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (*b*); assault and battery, G. L. c. 265, § 13A (*a*); and abuse prevention order violation, G. L. c. 209A, § 7.

probation, each to run concurrently with the probationary term imposed on count two.

The Commonwealth petitioned for relief in the county court pursuant to G. L. c. 211, § 3, arguing that the sentence imposed on the armed home invasion conviction contravened the provisions of G. L. c. 265, § 18C, as amended through St. 2004, c. 150, § 17 (§ 18C), which the Commonwealth contends does not permit a probationary sentence in lieu of a mandatory minimum twenty-year term of incarceration. A single justice of this court reserved and reported the case without decision to the full court. In light of the successive changes the Legislature has made to § 18C since 1998, we find the statute ambiguous with respect to whether it currently permits a sentence of probation. The rule of lenity, see *Commonwealth* v. *Crosscup*, 369 Mass. 228, 234 (1975), therefore comes into play, and we are constrained to conclude that § 18C in its present form does allow a judge to impose a probationary sentence.

The unusual history of the armed home invasion statute directs our decision. The original version of G. L. c. 265, § 18C, inserted by St. 1993, c. 333, consisted of two sentences:

> "[1] Whoever knowingly enters the dwelling place of another knowing or having reason to know that one or more persons are present within or knowingly enters the dwelling place of another and remains in such dwelling place knowing or having reason to know that one or more persons are present within while armed with a dangerous weapon, uses force or threatens the imminent use of force upon any person within such dwelling place whether or not injury occurs, or intentionally causes any injury to any person within such dwelling place shall be punished by imprisonment in the state prison for life or for any term of not less than twenty years. [2] The sentence imposed upon a person who, after having been convicted of violating any provision of this section, commits a second or subsequent offense under the provisions of this section shall not be suspended or placed on probation."

In 1998, the Legislature amended § 18C by inserting, between the statute's first and second sentence, three sentences concerning the commission of the crime with specified types of firearms

— thereby converting the original second sentence into the fifth sentence of the statute.[2]

Following this court's decision in *Commonwealth* v. *Brown*, 431 Mass. 772 (2000),[3] and the Appeals Court's decision in

[2]General Laws c. 265, § 18C, as amended through St. 1998, c. 180, § 57, provided:

> "[1] Whoever knowingly enters the dwelling place of another knowing or having reason to know that one or more persons are present within or knowingly enters the dwelling place of another and remains in such dwelling place knowing or having reason to know that one or more persons are present within while armed with a dangerous weapon, uses force or threatens the imminent use of force upon any person within such dwelling place whether or not injury occurs, or intentionally causes any injury to any person within such dwelling place shall be punished by imprisonment in the state prison for life or for any term of not less than twenty years. [2] *Whoever commits said crime while being armed with a firearm, shotgun, rifle, machine-gun, or assault weapon shall be punished by imprisonment in the state prison for [twenty] years. [3] Said sentence shall not be reduced to less than ten years nor shall the person convicted be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct; provided however, that the commissioner of correction may, on the recommendation of the warden, superintendent or other person in charge of a correctional institution, or the administrator of a county correctional institution, grant to such offender a temporary release in the custody of an officer of such institution for the following purposes only: to attend the funeral of next of kin or spouse; to visit a critically ill close relative or spouse; or to obtain emergency medical services unavailable at such institution. [4] The provisions of [G. L. c. 276, § 87,] relative to the power of the court to place certain offenders on probation shall not apply to any person [seventeen] years of age or over charged with a violation of this subsection. [5]* The sentence imposed upon a person who, after having been convicted of violating any provision of this section, commits a second or subsequent offense under the provisions of this section shall not be suspended or placed on probation." (Emphases added.)

[3]In *Commonwealth* v. *Brown*, 431 Mass. 772, 775 (2000), we held that the language in the original (1993) version of G. L. c. 265, § 18C (§ 18C), providing for an incarcerated sentence "for life or for any term of *not less than twenty years*" (emphasis added), established, with respect to a sentence of incarceration, a minimum sentence of twenty years and a maximum sentence of life imprisonment. We did not address whether the statute permitted in the alternative a sentence of probation because the issue was not raised. As for the 1998 amendment to § 18C (St. 1998, c. 180, § 57), we pointed out that it was "lacking in coherence" and "problematic for several reasons." *Id.* at 780. We made "no attempt to interpret" the 1998 amendment but invited the Legislature to clarify its meaning. *Id.* at 781.

*Commonwealth* v. *Berte,* 57 Mass. App. Ct. 29 (2003),[4] the Legislature amended the statute again in 2004. See St. 2004, c. 150, § 17. The 2004 amendment deleted the second, third, fourth, and fifth sentences of the 1998 version of the section. As a result, § 18C, which has not been amended since 2004, now consists of a single sentence and reads as follows:

> "Whoever knowingly enters the dwelling place of another knowing or having reason to know that one or more persons are present within or knowingly enters the dwelling place of another and remains in such dwelling place knowing or having reason to know that one or more persons are present within while armed with a dangerous weapon, uses force or threatens the imminent use of force upon any person within such dwelling place whether or not injury occurs, or intentionally causes any injury to any person within such dwelling place shall be punished by imprisonment in the state prison for life or for any term of not less than twenty years."

G. L. c. 265, § 18C, as amended through St. 2004, c. 150, § 17. Notably, the 2004 amendment removed all references to proba-

---

[4]In *Commonwealth* v. *Berte,* 57 Mass. App. Ct. 29, 30-33 (2003), the Appeals Court did construe the language inserted into § 18C by the 1998 amendment, holding that § 18C, as amended by St. 1998, c. 180, § 57, was not unconstitutionally vague but that it did not authorize a judge to sentence a defendant convicted of armed home invasion with a firearm to a maximum prison term of twenty years and one day, because under the terms of the 1998 amendment, the permissible maximum term for an armed home invasion with a firearm was twenty years. *Id.* at 32. In dicta, the court rejected the defendant's claim that § 18C as amended contained inconsistent probation provisions, stating:

> "The statute begins by prohibiting probation, goes on to prohibit probation for anyone over the age of seventeen, and concludes by prohibiting probation for repeat offenders. At first glance, nothing more seems to be happening than a prohibition of probation, but the defendant claims that the additional provisos seem to allow probation in certain circumstances. We encourage the Legislature to examine this part of the statute and amend it if our interpretation does not comport with its intention, but we determine that the only rule to be gleaned from the statute as written is that probation is prohibited."

*Id.* at 34. The Appeals Court decided *Berte* prior to the 2004 amendment that removed all language in § 18C prohibiting probation, and we need not decide whether we agree with the court's analysis of those provisions.

tion in the section, even the one that was in § 18C as originally enacted in 1993. See St. 1993, c. 333.

In *Commonwealth* v. *Hines*, 449 Mass. 183 (2007), the court considered a provision concerning probation ineligibility in G. L. c. 265, § 18B, as amended through St. 1998, c. 180, § 56, that is similar to one of the provisions inserted into § 18C in 1998, but deleted in 2004.[5] We held that the provision prohibited probation as a disposition for any person convicted under § 18B. *Id.* at 190-191. See *Commonwealth* v. *Lightfoot*, 391 Mass. 718, 721 (1984) (interpreting almost identical language about probation ineligibility in G. L. c. 272, § 7, as amended by St. 1980, c. 409, as precluding defendant from receiving sentence of probation). As the statutes reviewed in these two cases illustrate, when the Legislature intends to bar probation, it knows how to say so explicitly. In this context, the Legislature's decision in 2004 to remove *all* language from § 18C that expressly prohibited probation leaves a question in our minds regarding its intent with respect to the availability of a probationary sentence.

The Commonwealth argues that the fact that the current version of § 18C does not contain specific language prohibiting a probationary sentence is not dispositive. It goes on to argue that even if § 18C as originally enacted in 1993 implicitly permitted probation for first-time offenders in the first sentence of the statute by expressly barring probation for subsequent offenders in the second and final sentence, because the Legislature removed that express bar in 2004, the statute should now be read to prohibit a probationary sentence for all offenders.

The Commonwealth is correct that the Legislature "is not restricted to one means of expression" in establishing a sentencing scheme, *Commonwealth* v. *Brown*, 431 Mass. at 776, and

---

[5]The pertinent language in G. L. c. 265, § 18B, reads: "A sentence imposed under this section for a second or subsequent offense shall not be reduced nor suspended, *nor shall any person convicted under this section be eligible for probation*, parole, furlough or work release or receive any deduction from his sentence for good conduct . . ." (emphasis added). The analogous language in § 18C, as amended in 1998, read: "Said sentence shall not be reduced to less than ten years *nor shall the person convicted be eligible for probation*, parole, furlough, work release or receive any deduction from his sentence for good conduct . . ." (emphasis added). The quoted language was added to both of these statutes by the same Act of the Legislature. See St. 1998, c. 180, §§ 56, 57.

"need not, at its peril, use the exact same formula for each statutory provision in order to achieve a particular result." *Commonwealth* v. *Vega*, 449 Mass. 227, 232-233 (2007). However, while it is possible to read the Legislature's removal of the final sentence of § 18C to signify, as the Commonwealth suggests, that a disposition of probation is not available to *any* offender, we cannot say with certainty that the Legislature intended this result. It seems reasonable to assume that the 2004 amendment was in some respects a response to the invitations in *Commonwealth* v. *Brown*, *supra* at 780-781, and *Commonwealth* v. *Berte*, 57 Mass. App. Ct. at 34, to clarify the 1998 amendment. (See notes 3 & 4, *supra*.) As the defendant suggests, the removal of three explicit prohibitions against probationary sentences for specific categories of offenders may indicate a legislative intent to give a sentencing judge the power, in appropriate situations, to impose a term of probation in lieu of incarceration. "[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Commonwealth* v. *Crosscup*, 369 Mass. 228, 234 (1975), quoting *Rewis* v. *United States*, 401 U.S. 808, 812 (1971). See *Commonwealth* v. *Donovan*, 395 Mass. 20, 29 (1985). See also *Commonwealth* v. *Burton*, 450 Mass. 55, 59-60 (2007). Therefore, we hold that G. L. c. 265, § 18C, as amended through St. 2004, c. 150, § 17, does not prohibit a judge from sentencing the defendant to probation.

We recognize that this result, which has the effect of offering a sentencing judge a choice between probation and a mandatory minimum prison term of twenty years,[6] may seem contrary to common sense. Standing alone, the statutory language in the first sentence of § 18C, "shall be punished by imprisonment . . . for life or for any term of not less than twenty years," would suggest a legislative intent that a defendant convicted under the statute could be sentenced to only a term of incarceration, not probation. However, we must read this language in the context of the 1998 and 2004 amendments, and for the reasons we have discussed, they render ambiguous what might otherwise be clear.[7]

---

[6]The 2004 amendment does not alter our holding in the *Brown* case that § 18C sets "a minimum term of twenty years and a maximum term of life." *Commonwealth* v. *Brown*, 431 Mass. at 775.

[7]It bears emphasis that we reach this result only because of the unique legislative history of § 18C. As suggested in the text, absent this particular

Cf. *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 652-653 (1992).

Section 18C has caused confusion in the past with respect to the penalty portion of the statute, and this is not the first time that such confusion has yielded what may appear to be an anomalous result. See *Commonwealth* v. *Burton*, 450 Mass. at 60 (reducing conviction of felony-murder in first degree to felony-murder in second degree because armed home invasion not punishable by life imprisonment under 1998 version of § 18C).[8] We again invite the Legislature to clarify G. L. c. 265, § 18C.

The case is remanded to the county court for the entry of a judgment dismissing the Commonwealth's petition under G. L. c. 211, § 3.

*So ordered.*

---

legislative history, we might well read a statute with similar language to § 18C, as amended through St. 2004, c. 150, § 17, as prohibiting a judge from imposing a probationary sentence.

[8]In the *Burton* case, this court found that the plain language of G. L. c. 265, § 18C, as amended through St. 1998, c. 180, § 57, created "the anomalous situation in which armed home invasion committed by means of a dangerous weapon such as a knife was punishable by life imprisonment, but the same crime committed with a far more dangerous weapon, such as a firearm or machine gun, could not be." *Commonwealth* v. *Burton*, 450 Mass. 55, 58 (2007). However, because we were "unable to discern what the Legislature intended by the 1998 amendment" and unable to "resolve uncertainties in criminal statutes in favor of the Commonwealth," we were "thus left to apply the statute as written" despite the seemingly incongruous result. *Id.* at 59, 60.